FENNO et al. v. PRIMROSE et al.

(Circuit Court of Appeals, First Circuit. January 7, 1903.)

No. 429.

**1. AUDITORS IN ACTION AT LAW—POWER OF FEDERAL COURT TO APPOINT—COMPENSATION.**

A circuit court of the United States has inherent power to appoint an auditor in any action at law, in the exercise of its discretion, where the issues or the items involved are so numerous or complex as to render a proper understanding of the controversy by the jury impossible until they have been simplified; and, where the state practice in respect to the compensation of the auditor is such that it cannot be followed by a federal court,—as where a statute provides for his payment by the county,—the court may direct the expense of the auditor trial to be borne by either or both the parties, in its discretion, as in case of masters in chancery, having regard to all the circumstances of the particular case.

In Error to the Circuit Court of the United States for the District of Massachusetts.

See (C. C.) 116 Fed. 49.

Moorfield Storey, Ezra R. Thayer, and Sydney R. Wrightington, for plaintiffs in error.

Sherman L. Whipple and Hugh W. Ogden (Whipple, Sears & Ogden, of counsel), for defendants in error.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

ALDRICH, District Judge. The questions presented in this case are of exceeding interest and of great practical importance to the profession ·and to litigants, and they have been discussed upon both sides with notable ability and commendable thoroughness. They relate--First, to the power of a federal court to appoint an auditor in an action at law, where the parties are entitled, under the constitution, to a jury trial; and, second, to the power of such a court to regulate the compensation of the auditor, and to determine where the burden of such compensation shall rest.

There is no federal statute authorizing the reference of an action at law to an auditor, nor is there any statute providing for compensation by placing the burden either upon the government or the parties.

In this case the plaintiffs in error, who were the prevailing party, and who have paid one-half of the auditor's fees, claim the right (there being no question about the reasonableness of the fees) to tax the amount paid the auditor in their bill of costs. against the defeated party, and that the right to so tax it is an absolute right.

At the bar there was considerable discussion of the question whether the right of the prevailing party to costs depends ·upon section 721 or section 914 of the Revised Statutes [U. S. Comp. St. 1901, pp. 581, 684], and of the question as to how far the federal courts should conform to the state laws and the state ·practice in matters of this kind. Under the peculiar circumstances of this

case, however, the discussion in this respect does not aid in the solution of the question presented, for the reason that the courts of general jurisdiction in Massachusetts at the present time are governed by a statute (Rev. Laws Mass. c. 165, §§ 55, 60) which provides for reasonable compensation to auditors, and that it shall be paid by the county. So, in the absence of a federal statute clothing the federal courts with authority to place the burden upon the government, as is now done by the Massachusetts courts of general jurisdiction, we are confronted with a situation in which the federal courts cannot conform their practice to that of the courts of the state. The Massachusetts statute referred to (section 55) provides that "the supreme judicial court, or the superior court, in its discretion, and a police, district or municipal court, if both parties assent thereto in writing, may appoint one or more auditors," etc.; and it will therefore be seen that the courts of general jurisdiction may, under this statute, act in their discretion, without regard to the assent of the parties, while the inferior courts may appoint upon assent in writing by both parties; and, where it is done by the higher courts in the exercise of discretion, the statute (section 60) not only contemplates that the compensation of the auditor shall not be taxed as costs against the defeated party, but expressly requires it to be paid by the county, while, if done by the inferior courts upon assent in writing, the statute contemplates that the fees may be paid by either party, and taxed in the bill of costs.

We must assume, therefore, in this case, so far as the state practice bears upon the situation, that the lawmaking power of Massachusetts, acting under the injunction of article 11 of part 1 of the constitution of Massachusetts, and upon grounds of public policy, that every subject ought to find a certain remedy and obtain right and justice freely, has, so far as the appointment of auditors without consent of the parties in writing is concerned, declared against the idea of placing the burden incident to an auditor's trial, under an absolute rule, upon the defeated party, as taxable costs in favor of the prevailing party.

The intention, as it seems to us, of the Massachusetts statute, is quite apparent. It was intended, in that class of cases where the parties assent in writing, thereby selecting their own tribunal, that the burden of a reasonable compensation to the auditor should be taxed as costs against the defeated party, while in that class of cases where the court, by virtue of its inherent or statutory power, creates an auditor tribunal without the consent of the parties, that the expense shall not be taxable as costs, and that the burden shall fall upon the county. So having reference, therefore, to the present law and practice of the state in the higher courts, to which we should conform our practice, in a reasonable way, in proper cases, we find no warrant for taxing auditor's fees in this case against the defeated party; nor should we find warrant for so doing were we to look to the practice of the inferior courts, for the statute with reference to such courts is based upon the assent of the parties in writing, which does not exist in this case.

It does not necessarily follow, however, that, because the state practice places the burden upon the county under a somewhat recent

Massachusetts statute authorizing it, a federal court, exercising jurisdiction over a case in which an auditor is necessary in order that justice shall be administered, has not the power to appoint an auditor, and direct where the burden shall rest, merely for the reason that there is no federal statute authorizing the court to order the expense to be paid by the government. The rule, however it may be construed, which requires us to follow the practice of the state court, is not so absolute or drastic that, because the practice under a state statute is to place the burden upon the county,—a rule which we cannot follow,—we should decline to administer justice in a case within our jurisdiction because it is impossible for this court in that respect to conform its practice to that of the state court. This being so, it becomes necessary for us to inquire what the inherent power of the federal court is in a situation like the one in this particular case.

Where a case within the jurisdiction of the court is presented, and the parties are entitled under the constitution to a jury trial, and where the accounts are so numerous and confused that it would be impossible for a jury to comprehend and intelligently decide it, by reason of the complexity and diversity of the issues and items, unless they are simplified by a preliminary investigation, and where for that reason it would be impossible for the court to administer justice between the parties unless such preliminary investigation and simplification are had by way of preparing the case for the ultimate tribunal, it cannot be possible that the power of the federal court to do justice hangs solely upon the question whether there is a practice in the state court that the fees or compensation of such preliminary investigation may be taxable as costs. Under such conditions, and in the absence of a federal statute, we have no doubt of the power of the circuit court to direct a preliminary investigation in a proper case, and to designate a suitable person as an officer of the court to call the parties before him, as a tentative tribunal, to simplify the items and the issues in order that the case may be intelligently presented to a jury.

A rule which would withhold such power from courts charged with the duty of ascertaining and establishing the rights of litigants would operate as a denial of justice in a certain class of cases. If the power exists as a necessary incident of judicial procedure, authority and power to provide for the expense of such a preliminary investigation necessarily exist as well. The duty is upon the government to provide a tribunal for the establishment of disputed rights, and courts and juries are provided for such purpose; but, if contending parties come with a case involving items and issues so complex that a jury cannot comprehend and carry them, the misfortune is that of the parties. It may be the misfortune of one or both of the parties, and under such circumstances the court may devise such means for preliminary investigations and simplifications as the necessities of the situation and justice may require. An arbitrary and absolute rule, however, casting the entire burden of such preliminary expense upon the defeated party, might operate unjustly, and might cast an

excessive and unreasonable burden upon the party upon whom the burden should not rest.

For the reasons stated, we cannot look for guidance to the cases in the federal courts where auditors have been appointed and the fees taxed in accordance with a state practice based upon a state statute; and we are thus compelled to consider this case not only in the absence of a federal statute, but independent of a state practice, and of federal decisions based thereon, as well, and determine the questions presented by reference to the inherent and necessary power of courts charged with the administration of justice in cases where a preliminary or tentative investigation becomes a necessity.

It is of little consequence whether the official designation of the person charged with such investigation is that of "commissioner," "auditor," "accountant," "assessor," "examiner," or "master," although, as is well known, the ordinary designation in actions of law is that of "auditor," while in proceedings in equity it is that of "master."

In cases at law, with numerous confused items and issues, where the ultimate right of trial by jury exists, in order to simplify the issues, such a preliminary trial or investigation may and oftentimes does become a necessary step incident to the preparation of the case for the ultimate tribunal, the jury. All this is to the end that the case may be intelligently presented to and understood by the ultimate tribunal. The situation may be such that it is necessary for the plaintiff's side alone, or, on the contrary, for the defendant's side alone, or the situation may be such that it is necessary for both sides. If it were a case where the plaintiff's items were two or three, so far as his side of the case would be concerned there would be no difficulty in the jurors carrying the items, and the evidence relating to them, in their minds, and there would be no occasion for an auditor so far as that side of the case would be concerned, while in the same case the defendant's items might be so numerous, and the accounts so confused, and the minor issues involved so multiplied, that his side of the case could not be intelligently presented to the jury until the items and the issues had been simplified by some preliminary investigation, in which both parties, of course, should be represented, and the exigencies of his side of the case would be such as to require an auditor. Such requirement would thus result from an inherent necessity in the defendant's case,—a necessity that his case should be put in such form as to be passed upon by another tribunal,—and for this reason it might be inequitable and unjust to place upon the plaintiff the entire expense incident thereto, under an arbitrary and absolute rule, although he may be the defeated party; and it is for this reason that it should not be governed by an absolute rule.

An absolute rule, under such circumstances, would not be adopted by courts in the absence of an express statute.

The doctrine which authorizes the appointment of such a preliminary tribunal is one of judicial necessity, and the exercise of authority in that direction is based upon a finding, under rules of legal discretion, that the case cannot be dealt with intelligently in its then condition, and under the same necessity, and under guidance of the same rules of discretion, the court may ascertain and determine where the burden of

such an investigation shall rest. And all questions as to the occasion for the preliminary investigation and all questions as to the burden of expense must be determined with reference to the necessities and the peculiar circumstances of a particular case, rather than by any arbitrary rule applicable to all cases.

The expenses of such a trial and investigation are not the ordinary expenses of litigation, but result from the order of court based upon necessity, and it should rest with the court on whose order the expenses were incurred to regulate where the burden should rest. Such expenses do not stand like the ordinary legal taxable costs, which are taxable by the clerk as ordinary costs, and which are governed by statute and rules of decision applicable to all cases alike. It should be and it is in the power of the court, in the exercise of a sound discretion, to rest this preliminary burden where it ought to rest, even to the extent, in an extreme case, of putting it all upon the prevailing party if the necessities of that side required the auditor, or of dividing it equally if the situation requires it, or in such other way as it ought to be divided under the circumstances of a particular case. And the end may be accomplished by ordering it taxed in the costs, or in such other way as is found to be just. This is so because the trial is not by the ultimate tribunal. It is merely a step in the direction of putting the case in shape for presentation to the ultimate tribunal.

The unquestioned power of courts to appoint auditors in a very limited class of cases has existed from an early period in England and in this country. It was at first exercised in England in the common-law action of account, where, according to Bacon, "the accounts be of a long and confused nature"; and the power has expanded, by statutory provisions and under the rules of the common law, as exigencies have arisen, so as to include other forms of action, and perhaps it may be said all forms of action where the accounts, and the issues in respect to the items thereof, are so numerous as to render a proper understanding of the controversy impossible by a jury until the issues have been simplified.

The power to appoint auditors was at first exercised in England independent of statute, and has been from time to time enlarged and regulated by statutory enactment.

It is a matter of common understanding that, in cases where the items are numerous and the issues complex, one party alone is without the means to simplify and reduce the issues, while if both parties are before an auditor or master, with an opportunity to offer proofs and to explain, the minor issues and disputes disappear. And thus it is that a tentative trial before an officer of the court appointed for such a purpose is a useful step in the direction of simplifying the situation, and putting the case in proper form to be presented to the ultimate and conclusive tribunal.

Power to appoint an auditor in a proper case does not necessarily rest upon statutory provisions. Davis v. Railroad Co. (C. C.) 25 Fed. 786. Such power was a necessary incident of common-law procedure. Although in many of our states authority to appoint auditors is expressly conferred by statute, and although compensation is variously provided for in the different states, we look upon such legislation as

largely declaratory and regulatory of the common-law power. Thus such legislation is a recognition of the common-law power, rather than the creation of a new power. In jurisdictions where statutory provision is made, the auditor trial or preliminary investigation would doubtless ordinarily be in accordance with the statutory regulations, while in jurisdictions where there are no statutory provisions relating to auditors the power exercised would be under the principles of the common law. The application of these principles of the common law, however, would not necessarily be limited to the form of action or the class of cases in respect to which such power had been exercised in the past; but the principle may reasonably enough, we think, be applied to any form of action or any case which presents a situation so intricate and so complex that it cannot be intelligently understood and decided by a jury until the items or the issues shall have been simplified. Such an investigation involves no infraction of the constitutional right of trial by jury, because it does not assume to be conclusive. It is only tentative, and is under such circumstances a necessary preliminary, and the necessary and only means of approach to the constitutional right of trial by jury.

Although the jurisdiction of federal courts is special and limited, procedure therein, unless regulated by statute, must necessarily, in respect to cases within the jurisdiction of such courts, expand upon conservative lines to meet exigencies created by new conditions, to the end that they may administer the rights of the parties upon principles of justice not conflicting with the rules of the common law. Although not strictly analogous, it is undoubtedly within the power of the court, and the power is often exercised during a jury trial where the accounts are confused or complex, to order an accountant to go through the books and papers, and state the result of his computations to the jury. This is, of course, tentative, and all subject to attack in the same trial, and the expense thereof may be made to rest where the justice of the particular case requires that it should rest.

This case must be altogether distinguished from that class of cases where the order for an auditor was made upon assent of the parties, or upon motion of one of the parties. According to the record, the order in this case was made by the court upon its own motion, and no question is made but that it was a proper case for the exercise of such a power.

The auditor expense was a burden compulsorily cast upon the parties, and does not stand, therefore, as already said, like expense voluntarily incurred by a party in the ordinary preparation and presentation of his case, but is an expense cast upon the parties by reason of an inherent necessity of preparation and simplification, involved in the situation, and is therefore, while not precisely the same in principle, in substance, like the case of Whipple v. Manufacturing Co., 3 Story, 84, 86, Fed. Cas. No. 17,515, where a survey was ordered by the court by way of preparation, and was for the mutual benefit of the parties, and necessary to the true understanding of the cause on both sides, and where the expense was divided equally between the parties, or like Land Co. v. Tilton (C. C.) 29 Fed. 764,

where the expense of a survey ordered by the court was necessary to the defendant's case alone, in order to perfect his pleadings, and where, although the prevailing party, he was not allowed to tax the expense of the survey as costs, and the burden was made to rest upon him alone.

In a somewhat recent case (Brickill v. City of New York [C. C.] 55 Fed. 565, 566), Judge Lacombe, of New York, adjusted a master's fees between the parties upon the basis of the time occupied by each party before the master; reserving the right to impose the entire expense upon the defeated party.

In short, we look upon a preliminary examination, in a case where the parties are entitled to a jury trial, and where, therefore, the preliminary examination before the auditor or commissioner is merely tentative, and for the purpose of stating the accounts or simplifying the issues, as one involving the exercise of legal discretion, both as to the necessity of the preliminary trial and the expenses thereof. From the very nature of the situation, the question whether an auditor or commissioner trial is needed must necessarily be determined by the court in the exercise of legal discretion, and the question as to where the burden of the resultant expense should rest not being regulated by statute, and being of a nature not susceptible of a general rule applicable to all cases alike, that, as well, becomes a question to be settled by the court in the exercise of sound judicial discretion.

It is difficult to see that the expense of an auditor trial, where necessary and proper, stands upon a different rule or a different principle than that of a master in chancery, where a master is necessary, and in respect to which compensation is to be allowed, under rule 82 of the rules of practice for the courts of equity of the United States, in a particular case by the circuit court in its discretion, having regard to all the circumstances thereof, and where the "compensation shall be charged upon and borne by such of the parties in the cause as the court shall direct."

The court below determined for itself the question of necessity, and the question as to where the resulting expense should be made to rest. The determination of both these questions involved the exercise of a discretion with which we would not be justified in interfering upon the facts disclosed by the record.

We are not unmindful of the fact that in this particular case the preliminary investigation proved of no benefit to the parties. It is quite probable, if the defendants below had taken the point that the case had advanced so far that the plaintiffs were not entitled to a nonsuit without prejudice, that the benefit of the preliminary investigation would have been saved to the parties. Hershberger v. Blewett (C. C.) 55 Fed. 170; City of Detroit v. Detroit City R. Co., Id. 569; American Bell Tel. Co. v. Western Union Tel. Co., 16 C. C. A. 367, 69 Fed. 666; Pullman's Palace Car Co. v. Central Transp. Co., 171 U. S. 138, 18 Sup. Ct. 808, 43 L. Ed. 108.

We cannot, however, deal with such phase of the case, for the question is not raised by the record.

Whether the defendants below have a remedy by application to the circuit court to strike off the entry of nonsuit when the case and the

parties are again there is a question for that court, and one which we cannot determine upon the present record.

Judgment of the circuit court is affirmed, with costs.