HOULIHAN v. CORPORATION OF ST. ANTHONY IN NEW BEDFORD.

(Circuit Court, D. Massachusetts. November 2, 1909.)

No. 123.

1. Costs (§ 57*)—Expenses of Auditorship—Massachusetts Practice.
    Where an auditor was appointed by a federal court in Massachusetts, in conformity with the state practice, by consent of parties, it is within the discretion of the court to tax the fees of the auditor and of the stenographer employed at the hearing before him to the losing party.
    [Ed. Note.—For other cases, see Costs, Dec. Dig. § 57.*]

2. Costs (§ 153*)—Taxable Costs—Expenses of Auditorship.
    Where, in an action on a building contract to recover a balance due, an auditor was appointed by consent of parties, who took a large amount of testimony, not only on plaintiff's claim, but also on a set-off claimed by defendant, which was wholly disallowed, and plaintiff recovered on a jury trial, although only a part of the amount claimed, he was entitled to have the fees of the auditor and stenographer on the hearing before him taxed as costs.
    [Ed. Note.—For other cases, see Costs, Dec. Dig. § 153.*]

Action by Michael J. Houlihan against the Corporation of St. Anthony in New Bedford. On appeal from clerk's taxation of costs. Appeal sustained.

See, also, 165 Fed. 511.

Gardner, Pirce & Thornley, Rathbone Gardner, Williams & Copeland, and Hallowell & Hammond, for plaintiff.

James E. Cotter, Joseph T. Kenney, and Asa P. French, for defendant.

LOWELL, Circuit Judge. The plaintiff brought an action of contract to recover the balance of the price alleged to be due for building a church. Before jury trial the following rule was entered:

"And now, to wit, February 12, 1906, by agreement of parties, it is ordered by the court that Clarence H. Cooper, Esq., be, and he hereby is, appointed auditor in the above-named action, to hear the parties, state the facts, and report the questions of law and fact relating thereto, which either party may request."

The accounts were complicated, and the hearings numerous, extending over two years or more. Some time after the hearings began, the defendant filed by leave of court a declaration in set-off, claiming therein $52,772.05, the hearing on which proceeded before the auditor conjointly with the hearing on the plaintiff's original claim. The evidence on both claims was taken stenographically, and filled about 2,600 pages. The auditor's labor in preparing his final report was very considerable. From time to time the fees of the auditor and stenographer were paid in equal shares by the two parties. The auditor found against the defendant's claim, and in favor of the plaintiff in the original suit in the sum of $34,082.08. The defendant did not pursue further its proceeding in set-off.

Thereafter the plaintiff's original case was tried to a jury, and a verdict was rendered in his favor for $4,000, with interest from December 15, 1904. Final judgment has been entered. The clerk's taxation of costs disallowed the half payment which had been made by the plaintiff to the auditor and the stenographer. From this disallowance the plaintiff has appealed to the court.

In Primrose v. Fenno, 113 Fed. 375, s. c. on appeal 119 Fed. 801, 56 C. C. A. 313, this court and the Circuit Court of Appeals held that where the reference to an auditor was by direction of the court, without request or agreement of parties, the payment of the auditor's fee was in the discretion of the court, and might be allowed to fall one-half on each party. In the opinions rendered it was intimated that the argument for taxation of the auditor's fee in the costs of the case would be stronger if he were appointed by agreement of parties, or at the request of either party. From the language of the two opinions, I am satisfied that in the case at bar I have at least a discretion to tax the auditor's fee wholly against the defendant.

There seems no reason why this should not be done, except that the plaintiff originally claimed some $36,000, while he recovered only $4,-000 and interest. If it be true that the auditor's fee is taxable in the court's discretion, like the fee of a master in chancery, then an unreasonable claim on the plaintiff's part might induce the court to discriminate against him in the taxation of his costs. Here, however, the defendant resisted the plaintiff's just demand, and, in addition, made a large claim against him which was shown to be unfounded.

The state practice and its necessarily limited application in this court were explained fully in Fenno v. Primrose.

The stenographer's fee appears to me to stand on all fours with the auditor's. A hearing before an auditor, especially a long hearing such as the one under consideration, like most auditor's hearings involving complicated accounts, cannot be conducted without a stenographic report of the testimony. A conscientious auditor would ordinarily refuse to sit without a stenographer. This was not always true; but the court should take notice of modern conditions. In this district the stenographer's fee cannot be taxed in an ordinary jury trial without agreement of parties; but the two cases are not analogous. A jury is not allowed, speaking generally, to have access to the stenographer's report, and it is rather a practical necessity of counsel in taking exceptions during the trial and in suing out a writ of error thereupon. Thus it is possible, and not unusual, to try a case to a jury without a stenographer, if the parties are prepared to abide by the verdict. Considering modern usage and modern necessities, I hold that the stenographer's fee follows the auditor's, and that both should be taxed as costs.