## CORPORATION OF ST. ANTHONY IN NEW BEDFORD v. HOULIHAN.

(Circuit Court of Appeals, First Circuit. December 13, 1910.)

### No. 876.

1. Costs (§ 189*)—Expenses of Auditorship—Charges for Stenographer.

Where an auditor was appointed in an action at law in a federal court by agreement of the parties, and a stenographer selected by the parties was employed on the hearing before the auditor, the case stands the same legally as to costs as though the stenographer had been expressly selected and appointed by the auditor.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 744–749; Dec. Dig. § 189.*]

2. Costs (§ 189*)—Taxable Costs—Expenses of Auditorship—Charges for Stenographer.

The use of stenographers, including their use by auditors and masters, has been so general in late years that it must be assumed that, when a court appoints an auditor, it, by implication, authorizes and directs him to make reasonable use of stenographers, and the charge therefor must be classed with the ordinary charges necessarily incurred by the auditor, which, together with the auditor's fees, are ordinarily taxable against the losing party.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 744–749; Dec. Dig. § 189.*]

Aldrich, District Judge, dissenting.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action at law by Michael J. Houlihan against the Corporation of St. Anthony in New Bedford. From an order (173 Fed. 496) relating to costs, defendant brings error. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James E. Cotter, Joseph T. Kenney, and Joseph P. Fagan, for plaintiff in error.

Gardner, Pirce & Thornley (Rathbone Gardner, Charles R. Haslam, and Franklin T. Hammond, of counsel), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This was an action of contract, in which the original plaintiff, whom we here will style the plaintiff, claimed $14,000, and the defendant declared in set-off for $52,772.05. The case was evidently one in which the court might, of its own motion, have required an auditor, but the following order was made:

"February 12, 1906, by agreement of the parties, it is ordered by the court that Clarence H. Cooper, Esquire, be and hereby is appointed auditor in the above-named action, to hear the parties, state the facts, and report the questions of law and evidence relating thereto as either party may request."

It appears that the proceedings before the auditor were reported by a stenographer, that the stenographer was selected by the parties, and that one-half of his charges for his official work was paid by each of the parties as the case progressed. There is nothing in the record to show that the stenographer was formally appointed by the auditor, and nothing to show any agreement as to the ultimate payment of the stenographer's charges. The presumption is, however, that what was done with reference to the stenographer was in order to harmonize the parties in his selection, and to arrange convenient advances to him as the work progressed. In other words, in the absence of anything to the contrary, the presumption is that the case stands legally as it would have done if the stenographer had been expressly selected by the auditor, and the stenographer's charges paid by the plaintiff, as well as those of the auditor, without any agreement as to the ultimate disposition in regard thereto.

The auditor stated the account for the plaintiff so as to show an amount due him of $34,082.08, and disallowed the entire set-off of the defendant. The jury rendered a verdict in favor of the plaintiff, but reduced the auditor's finding to $4,000 and interest, and judgment for that amount was entered for him. The court taxed against the defendant the entire amount of the auditor's charges, including the charges of the stenographer, except so far as they had been paid by him. Thereupon the defendant sued out this writ of error.

We need not discuss the question whether in an action of law like this a writ of error lies on a question of costs alone, because that is fully settled to be within the range of the statute establishing the Circuit Courts of Appeals. The City of Augusta, 80 Fed. 297, 304, 25 C. C. A. 430. Neither will we discuss the citations made by the defendant to the effect that auditors' fees are not taxable in federal courts. None of them sustain that proposition. Even were the local decisions adverse to such taxations, yet, as said by the Circuit Court in Primrose v. Fenno, 113 Fed. 375, 376, decided February 7, 1902, no rules of that character in the local courts bind us "so far as to embarrass us in doing justice between parties."

There can be no question of the right of the federal courts in this circuit to allow auditors' reasonable fees and reasonable disbursements in suits at law, as well as of their duty to do so. While in equity the courts have large discretion in matters of costs, at law they, as we will show, must follow fixed rules with some very slight exceptions, as in Primrose v. Fenno, already cited, and also disposed of on appeal in 119 Fed. 801, 56 C. C. A. 313, by an opinion passed down January 7, 1903. Primrose v. Fenno was a special case, where the court appointed an auditor of its own motion and entirely for its own protection, and ultimately divided the costs of the auditorship, applying there the rule explained in Whipple v. Manufacturing Co., 3 Story, 84, 86, Fed. Cas. No. 17,515, with reference to dividing between the parties the costs of a survey ordered by the court. This was one of the exceptional cases to which we refer, where the court was required, from the very peculiar circumstances, to exercise its discretion in adjusting the costs of the auditorship as it did.

None of the cases cited by the defendant sustain its proposition that either the Supreme Court of the United States or the Massachusetts courts have refused to compensate a stenographer reasonably employed by an auditor under the usual circumstances. For the reason already given, if the state courts had established such a rule, we would not feel bound to follow them, because for us to refuse an auditor the assistance of a stenographer, or to compel him to pay the stenographer out of his own fees, would merely obstruct the course of justice with reference to cases involving extensive investigation. Judges must know as a matter of judicial information that the use of stenographers often largely reduces the expenses of legal investigations, as well as the time and labor involved therein. It must also be accepted that, when the court appoints an auditor, it by implication authorizes him to make such disbursements as are reasonably desired for the proper administration of the duties of his office. Of late years the use of stenographers, including their use by auditors and masters, has been so general that, in view of what we have said, it must be assumed that, when a court appoints an auditor, it by implication authorizes and directs him to make reasonable use of stenographers. Therefore, in this case, we must assume there was an implied order in favor of such a use. There are, of course, extreme cases where even a formal order of the court does not so far protect disbursements as to permit taxation thereof in costs; but where the order, whether expressed or by implication, is in accordance with the general practice, or is clearly in furtherance of advancing the ordinary progress of the cause, the action of the court, according to the common understanding, protects the disbursements. Paragraph 10 of rule 23 of the Circuit Court in this district, providing for taxing the cost of a brief when not exceeding 20 pages, illustrates this proposition. It is more specifically illustrated by the decision of the Circuit Court of Appeals for the Ninth Circuit in Jacobsen v. Exposition Co., 112 Fed. 73, 80, 50 C. C. A. 121, where a commission paid a surety company was allowed, resting for the allowance on the direction contained in admiralty rule 53 requiring a respondent to a cross-libel to give se-

curity. The same rule was lately applied for the same reason by the Circuit Court of Appeals in the Second Circuit in The Volund, 181 Fed. 643, 667.

No complaint is made that the employment of the stenographer under the present circumstances was unreasonable. Therefore his charges must be classed with the ordinary charges necessarily incurred by the auditor. In the present case the defendant might have been relieved from the burden of these charges by offering early in the litigation to be subjected to a judgment for the amount lawfully due from him; and, in any event, any party may protect himself against unreasonable employment of stenographers by auditors, or against payments to stenographers of unreasonable amounts, by seasonable application to the court in reference thereto. There may, of course, be occasional cases of special hardship arising out of the payment of costs of this class; but probably such cases will not occur more often than with reference to other costs taxed according to the settled practice of the courts, and by vigilance on the part of counsel, such special hardships can ordinarily be avoided in the way we have shown, and otherwise.

In conclusion, as this is a suit at common law, the prevailing party was entitled to his costs lawfully taxed; and while, perhaps, there is no statute which in express terms establishes this proposition, yet, as explained in Hathaway v. Roach, 2 Woodb. & M. 63, 64, 65, Fed. Cas. No. 6,213, and The Baltimore, 8 Wall. 377, 390, 19 L. Ed. 463, there are statutes which recognize this right to costs, and there have been other such statutes enacted since the decisions cited. The fundamental proposition, however, is that the Statute of Gloucester (6 Edw. I, c. 1), giving the prevailing party his right to costs, was fully recognized in England for so many years that it became a part of the common law in this country, and became obligatory on the Federal courts, as stated in Day v. Woodworth, 13 How. 363, 372, 14 L. Ed. 181, in 1851, and again in The Baltimore. It must thus be agreed that the prevailing party in common-law suits in the federal courts has been fully and always recognized as entitled to his costs as a matter of right. There is also, as we have shown, an implied order of the Circuit Court in favor of the payment of reasonable stenographers' fees. We can discover nothing in any fundamental principle recognizing the allowance of costs, or in any decision, which permits us to refuse to apply the general rules to the present case.

The judgment of the Circuit Court is affirmed, with interest, and the appellee recovers his costs of appeal.

ALDRICH, District Judge (dissenting). The auditor items have a status quite different from that of the stenographic charges. The auditor was appointed by the court upon consent and under conditions of controverted accounts which justified the judicial act.

The theory of Fenno v. Primrose, 119 Fed. 801, 804, 56 C. C. A. 313, is that an absolute rule, in respect to taxing auditor charges as costs, is not admissible in the absence of a statute, and that in cases where an auditorship is created by the court upon grounds of neces-

sity inherent in the situation, and where there is no authority for resting the expense upon the government, that the burden of such a preliminary trial may, in the discretion of the court, be divided between the parties, or placed upon either party according as justice may require in view of the question as to which side of the case made it necessary to have an auditor, and that the question of burden is so far outside the field of legal taxable costs, which arbitrarily and necessarily follow the event of the action, and so far removed from any arbitrary rule that in a proper case the entire expense may be rested upon the prevailing party.

In the case at bar, the court below, under the authority of Primrose v. Fenno, 113 Fed. 375, and Fenno v. Primrose, 119 Fed. 801, 804, 805, 56 C. C. A. 313, and in the exercise of discretion, taxed the auditor fees wholly against the defendant, and therefore, while I should prefer in a case like this to see the expense divided between the parties, I make no point against the auditor fees.

But it seems to me to be a very long step from the Primrose v. Fenno Cases to a rule of taxation which, without stipulation to that end, would include as taxable costs stenographic expenses incurred by the parties in the usual way and without express authority from the court or the auditor, and I cannot concur in the result which compulsorily, and under supposed rules of law, puts the entire expense of the stenographer service upon the losing party as taxable costs.

While the use of a stenographer is for the convenience of the parties, as well as that of the court, it is not by any means always a necessary expense or a necessary expedient. Of course, such service shortens a trial, and is therefore for the benefit and convenience of both parties, as well as that of the court.

Such service being a modern device and a thing of convenience for the court, and for the one side as well as the other, its nature is such that the burden of it should rest upon the parties equally, and not upon one alone, unless the parties have stipulated otherwise, or unless the court expressly directed the expenditure upon justifiable grounds of necessity.

In this case the stenographer was not selected by the court or by the auditor. Neither tribunal passed upon the question of necessity, or in any way authorized a stenographer. As the stenographer was neither employed nor authorized by the auditor, it is difficult to see under what legal rule the charges must be classed with the ordinary charges necessarily incurred by an auditor.

This is not a question whether auditor fees, where the auditor was agreed upon, are taxable, neither is it a question whether an auditor may authorize the employment of a stenographer, or whether a stenographer should be compensated.

We have no express statute authorizing any of these expenses, and so far as the record goes this case was like any one of the many cases reported by a stenographer, where the court, or the auditor, has no knowledge whether the stenographer was selected by one side or the other, or by both, and I cannot agree with the suggestion, in the majority opinion, that under presumption, or through implication, he

stood as though selected by the auditor. It cannot be possible that the stenographic charges became legal charges and legal taxable costs against the losing party through the operation of any presumption or by virtue of a supposed implied order of the court upon the auditor, who, in fact, never selected or employed a stenographer or authorized stenographic expense.

But, quite beyond the idea that any supposed presumption, or implication, is justifiably admissible as a basis for making stenographer charges taxable costs, is the case of Bridges v. Sheldon (C. C.) 7. Fed. 17, 42, where the master expressly certified that the stenographer was selected under his procurement as master, and that the charges should be taxed as costs of the accounting, is the potent reasoning and holding of Judge Wheeler, who was a very able lawyer and judge, and who says:

"The court cannot employ a stenographer at the expense of the government, neither could it at the expense of parties without their consent, nor allow one to do so at the expense of another, by requiring the expense to be treated as taxable costs. The authority of the master cannot exceed that of the court appointing the master."

And so far as I know the doctrine of this case has been universally followed.

This is the ordinary and usual situation in which the parties, for their own convenience, selected a stenographer to render service at the trial, each paying half of the expense as the case progressed, and it happened in this case that the stenographic charges amounted to something over $2,000.

The fair and reasonable interpretation of such an agreement, for such purposes in a trial, is that each party is to pay half of the expense. The parties doubtless so understood it because each paid his half without any suggestion or intimation that it was to be taxed against his adversary, and in my view there is no warrant whatever in law, in the absence of stipulation, for placing the entire burden upon the losing party as legal taxable costs.

It is because of the historical, oppressive, and burdensome taxations of old that we have had in Congress and in the state Legislatures, from the earliest period, attempts to regulate, and through enumerations of subjects to cover, taxable costs, to the end that parties to litigation shall not be unreasonably oppressed, and in this line, and in addition to the regulatory provisions, there have been various express legislative limitations upon costs, as, for instance, that costs shall not exceed the damages, etc.

I think it is the common understanding of the bar that stenographic expenses like those in question do not, in the absence of statute, become legal taxable costs in favor of the prevailing party unless it is so stipulated.

The practice in equity, in respect to depositions, taken under the rule and through the instrumentality of a stenographer, stands upon a different ground and has no bearing upon the question of legal taxable costs in an action at law.

I do not propose to follow out the decisions, and will only refer to a few of the cases.

Bridges v. Sheldon (C. C.) 7 Fed. 17, 42, previously referred to, was a case where the parties, under the procurement of a master, joined in engaging a stenographer but did not stipulate that the charges should become taxable costs, and Judge Wheeler treated the absence of an express agreement to that end as something decisively against the idea of legal taxation.

Judge Benedict, in Gunther v. Liverpool (C. C.) 10 Fed. 830, excluded stenographic expenses upon the ground that there was no consent that they should be inserted as charges in the bill of costs.

In Monahan v. Godkin (C. C.) 100 Fed. 196, Judge Seaman, citing authorities, said:

"The mere fact of a stipulation by the parties to have the testimony on the trial taken by a stenographer cannot operate to make the expense of a transcript of the notes taxable as costs without express stipulation to that effect."

A rule which would make stenographic expense, an expense which the parties have usually divided, taxable as costs against the losing party, would work great hardships, and operate oppressively, upon parties of small means, and would become a menace to the ordinary suitor who feels that his rights have been invaded and that legal proceedings ought to be so ordered and directed that he may rely in full faith upon the idea that justice shall be reasonably inexpensive as well as reasonably speedy, and that modern inventions for convenience shall not make litigation so expensive as to put legal remedy beyond his reach.

I think the proposition involved in the majority opinion is one which will greatly surprise the profession generally, and it is difficult to conceive of a more oppressive visitation of an unwarrantable burden, by way of costs, than that of forcibly placing the entire stenographic expense, amounting to something more than $2,000, upon the defendant in this case as taxable cost.

The defendant was sued for $44,000 and succeeded in reducing the claim to $34,000 at the auditor trial, and upon the subsequent jury trial it succeeded in reducing the $34,000 to $4,000. Thus in a very substantial measure the defendant prevailed.

The law on the point in question is aptly, and I think correctly, stated in 11 Cyc., at page 125, and the proposition there is that "a stenographer's fees are not taxable as costs in the absence of a statute or some special agreement between the parties authorizing it," and the authorities cited in the notes sustain the proposition.

Paul's Masters and Auditors states the understanding of the profession I think in saying, "In any event, the compensation of a stenographer is not taxable as part of the costs of the case." The author was, of course, referring to situations in which the parties had not expressly stipulated that the stenographic expenses should become taxable costs. Such is the theory of Boston Belting Co. v. Boston, 183 Mass. 254, 260, 67 N. E. 428. In that case there was an agreement for a stenographer and each party paid half. The stenographic expense was disallowed as not taxable because the law does not require

the service of a stenographer, and because, if parties voluntarily provide one, they do it for their own convenience and at their own expense, and because the law does not recognize such payments as costs to be taxed by the prevailing party.

It is quite true that the Massachusetts case was one involving a jury trial, but I fail to see any distinction between a jury trial and an auditor trial. The point of taxability does not depend, generally speaking, upon the question whether it is a jury trial or a trial before a court, or an auditor or a referee. It depends upon the question, whatever the trial, whether the expense was expressly directed by the court, upon grounds of necessity, or by some one exercising authority over a trial or a hearing, or whether the parties made the costs taxable by stipulation.

The Massachusetts cases are not at all in conflict with the federal view as generally expressed.

Such cases as Pine River Logging Co. v. United States, 186 U. S. 279, 297, 22 Sup. Ct. 920, 46 L. Ed. 1164, and The William Branfoot, 52 Fed. 390, 395, 3 C. C. A. 155, recognize the idea that the expense of reporters' notes is not taxable costs even in a case where they were necessarily used by a party in the preparation and presentation of his case, and it would seem quite apparent that the expense of such notes and transcripts is nearer the nature of costs than is the expense of a stenographer, under an independent agreement between the parties to have one, and where each party paid one-half as the work progressed.

It is not pretended by any one, so far as I know, that stenographic expenses incurred under such circumstances as exist in this case are arbitrarily taxable under Massachusetts law in favor of a prevailing party and against the losing party, and aside from such costs as are specially covered by the federal statutes, and aside from express federal decisions based upon possible exceptional situations of necessity, the Massachusetts law should control.

The cases cited by the defendant in error, so far as they relate to stenographic expense—E. Luckenback (D. C.) 19 Fed. 847, Brickhill Case (C. C.) 55 Fed. 565, Rogers v. Brown (D. C.) 136 Fed. 813—all refer to services which were rendered in pursuance of an express direction of the court or an auditor.

I cannot find that stenographic expense incurred without express judicial authority, but under an agreement between the parties, whereby each paid half as the case progressed, without any stipulation that it should be taxed as costs, has ever been accepted as taxable against the losing party by any of the courts of this country or of England, and, except in jurisdictions where there is an express statute to that end, I do not think there is any warrant for such a taxation, in an action at law, under any rule of legal right.