## UNITED WATERWORKS CO., Limited, v. STONE.

District Court, D. Massachusetts. February 16, 1912.

No. 14.

Anson M. Lyman and Lotan D. Jennings, both of Boston, Mass., for plaintiff.

Robert B. Stone and John J. Higgins, both of Boston, Mass., for defendant.

DODGE, District Judge. This is a suit at law, begun in the Circuit Court on December 2, 1902. After a trial in that court November 23–December 15, 1911, there was a verdict for the plaintiff in the sum of $7,-592.67. The case is now in this court under the Judicial Code (28 USCA). In taxing costs for the purpose of entering judgment, it is understood that the clerk, following the usual practice, declines to tax the following items as part of the plaintiff's costs:

(1) Auditor's fees on report filed May 2, 1911.

(2) Stenographer's charges for reporting testimony before the auditor.

(3) Stenographer's charges for reporting testimony at the jury trial.

(4) Premiums paid by plaintiff on surety company bond for costs, furnished in compliance with order of court.

(5) Certain travel and attendance of a witness before the auditor, claimed by the plaintiff to be taxable.

The clerk's taxation is not yet complete, and formal objections by the plaintiff, set-

ting forth the amounts claimed and disallowed, cannot, therefore, be filed at present. In compliance with the request of both parties, I rule as below upon the questions raised, without waiting until they can be more formally presented and decided.

1. Auditor's fees: I regard the decision of the Circuit Court of Appeals for this circuit in Corporation, etc., v. Houlihan, 184 F. 252, as forbidding such an exercise of discretion on my part as would be involved in ruling that these fees are not to be taxed in favor of the prevailing party. This, like the case referred to, is a suit at common law, and in this case, as in that, reference was by consent of parties, and not imposed on them by the court of its own motion. The Circuit Court of Appeals, in the case referred to, has held that the fixed rules applicable to suits at common law entitle the prevailing party to his costs lawfully taxed, "with some very slight exceptions," as in Primrose v. Fenno (C. C.) 113 F. 375; Id. (C. C. A.) 119 F. 801, where the court of its own motion ordered the reference, and that these costs include auditor's fees under a reference such as this, Corporation, etc., v. Houlihan (C. C. A.) 184 F. 254, 255. There are undoubtedly circumstances in the present case which would incline me to tax these costs as they were taxed in Primrose v. Fenno, if I had discretion sufficient for the purpose; but I cannot regard them as bringing the costs within the "very slight exceptions" referred to by the Circuit Court of Appeals. The rule to the auditor, which was entered September 29, 1906, reserved the question regarding their taxation; but this was before the Circuit Court of Appeals decision which I have treated as controlling, and I cannot regard it as implying one way or the other how the question of taxation would ultimately be decided.

2. Stenographer's charges before the auditor: As held by the Circuit Court of Appeals in the same decision, these are taxable, like the auditor's fees, against the losing party. The cost of one copy of the testimony, however, namely, that furnished the auditor, not including the cost of either copy furnished counsel, is all that should be taxed.

3. Stenographer's charges for reporting testimony at the jury trial: There was no agreement between the parties prior to the trial that these charges should be taxed in costs. I cannot imply any such agreement from the mere fact that both parties consented, without express agreement, that one stenographer might report the evidence, instead of employing each their own stenographer. I agree with Judge Lowell that in this district stenographer's fees cannot be taxed in an ordinary jury trial without agreement of parties, and that a stenographer's report in such a trial is not essential, as in an auditor's hearing. Houlihan v. Corporation, etc. (C. C.) 173 F. 496, 498. I think the practice in this court has been uniform not to tax stenographer's fees at the trial, in the absence of consent or express agreement.

4. Premiums on plaintiff's bond for costs: That these are necessary expenses incurred in compliance with an order of court is, in my opinion, recognized by the Circuit Court of Appeals in Corporation, etc., v. Houlihan, 184 F. 252, 254, 255, the decision heretofore referred to.

5. Fees for attendance by a witness before the auditor can be taxed only for such attendance as was necessary to enable him to testify as a witness. Only such travel can be taxed as was strictly necessary for the purposes of such attendance. However closely the witness may have been identified in interest with the plaintiff corporation, or however necessary his presence at the hearings may have been for the purpose of consultation with counsel during their progress, travel and attendance for such purposes merely cannot be taxed as part of the costs which the prevailing party is entitled to recover.