### In re PEARCE.

#### (District Court, D. Massachusetts. May 4, 1916.)

#### No. 21677.

BANKRUPTCY ⬟476—COSTS—STENOGRAPHER'S FEES.

Before the hearings on a petition in bankruptcy began, and while they were in progress, the petitioning creditors and the alleged bankrupt agreed that the testimony should be taken by stenographers; each party paying one-half the expense thereof. The petition was dismissed, and the alleged bankrupt sought to recover as costs the one-half of the stenographers' bill which he had paid. *Held*, that though no such orders were entered, the agreement must be taken as having included an implied agreement that the entire amount of the costs, including stenographic hire, should be taxed against the losing party, but such implied agreement does not entitle the bankrupt to reimbursement for the expense of a transcript of the testimony for his own use.

[Ed. Note.—For other cases see Bankruptcy, Cent. Dig. §§ 898, 899; Dec. Dig. ⬟476.]

In Bankruptcy. In the matter of the alleged bankruptcy of Arthur P. Pearce. The petition was dismissed, and respondent seeks a recovery of costs. From the clerk's taxation of costs in respondent's favor, petitioners appeal. Clerk's taxation modified, and, as modified, affirmed.

Barton & Harding, of Boston, Mass., for petitioning creditors.
Daniel J. Kiley, of Boston, Mass., for alleged bankrupt.

MORTON, District Judge. Before the hearings began, and while they were in progress, the petitioning creditors and the respondent agreed that the testimony should be taken by certain stenographers, and that each side should pay one-half of the expense thereof. This agreement was duly carried out, payments being made from time to time as the hearings progressed. No orders were entered by the referee adjudging the appointment of a stenographer necessary, or fixing his fee. The petition having been dismissed, the respondent now seeks to recover in the costs the one-half of the stenographer's bill which he

so paid. The clerk of this court allowed the item; this is an appeal from his taxation.

In Corporation of St. Anthony v. Houlihan, 184 Fed. 252, 106 C. C. A. 394 (C. C. A. 1st Cir.), the facts as to the employment and payment of the stenographer were almost identical with those in this case. The Court of Appeals inferred from them a tacit agreement between the parties that the stenographer should be considered as employed by the auditor, and the expense thereof taxed as costs. If the referee had been an auditor in an action at law, I should be compelled, under that decision, to infer such an agreement here. I cannot see that the inference is avoided by the fact that the parties were proceeding before a referee in bankruptcy. I think it must be assumed, as was done in the St. Anthony Case, that the parties impliedly agreed that the stenographer's bill should go into the costs against the losing party. The right to tax them rests on that agreement, and is not lost by the omission to enter the formal orders, which otherwise would be fatal. But I do not think that this implied agreement would generally be understood, or ought to be construed, to cover a transcript of the testimony ordered by a party for his own use; it covers only the cost of taking the testimony and furnishing a transcript of it to the referee.

As so modified, the clerk's taxation is affirmed.