UNITED DEVELOPMENT CORPORATION, Plaintiff and Respondent,

v.

STATE HIGHWAY DEPARTMENT of the State of North Dakota, Defendant and Appellant.

No. 8141.

Supreme Court of North Dakota.

Jan. 18, 1965.

On Rehearing March 11, 1965.

McGee, Van Sickle & Hankla, Minot, and Higgins & Crum, Bismarck, for plaintiff and respondent.

Helgi Johanneson, Atty. Gen., and Jon R. Kerian and David L. Milhollan, Sp. Asst. Attys. Gen., Bismarck, for defendant and appellant.

STRUTZ, Judge.

This is an appeal by the State Highway Department from an award of costs in an eminent-domain proceeding. The main action, from which no appeal was taken, was tried before the court and jury. After verdict, a motion was made for entry of judgment and taxation of costs by United Development Corporation, the prevailing party. The court made its award of costs, and this appeal is from that part of the judgment awarding certain costs, attorney fees, and interest.

The State Highway Department, with its notice of appeal, served five specifications of error contending:

1. That the trial court erred in granting witness fees to the plaintiff; that there is no authority in law for awarding witness fees; and that, in any event, the witness fees awarded by the court were excessive;

2. That the court erred in awarding costs for preparation of maps for use at the trial;

3. That the court erred in its award of interest on the amount of the judgment from the date of taking of plaintiff's land;

4. That the court erred in awarding attorney fees to the plaintiff's attorneys, in that fees awarded are excessive and unreasonable; and

5. That the court erred in awarding attorney fees to the attorney representing the interests of the sellers of the land in question to the plaintiff landowner; that such former owners were not in any way affected by the outcome of the eminent-domain proceeding and that taxing attorney fees for services rendered by the attorney of such former owners was error.

■ Costs, ordinarily, may be recovered only in cases where there is statutory authority therefor, and then only to the extent and in the manner provided by law. 20 C.J.S. Costs § 2, p. 259; 14 Am.Jur., "Costs," Sec. 6, p. 6.

Our Legislative Assembly has made provision for taxation of costs by a prevailing party. Chap. 28–26, N.D.C.C. It has also provided for payment of costs to the owner of an interest in real estate whose property is being taken by eminent-domain proceedings. Sec. 32–15–32, N.D.C.C. This latter section provides that the court may, in its discretion, award "reasonable actual or statutory costs or both which may include reasonable attorney's fees."

The matter of taxing costs in ordinary legal actions has seldom been before this court, while the question of what costs may be taxed under Section 32–15–32 of the North Dakota Century Code, the section providing for the taxation of costs in eminent-domain proceedings, has never been before us.

We now will consider the specifications of error assigned by the appellant in the order in which they are raised.

First, did the trial court err in taxing witness fees in favor of the plaintiff? And, if witness fees are taxable, under what circumstances and in what amount may they be allowed?

■ The right of a witness to compensation is purely statutory. 97 C.J.S. Witnesses § 35, p. 421. At common law, no witness fees were paid. It was thought that the administration of justice, being a source of mutual benefit to all members of society, placed each person under obligation to aid in furthering justice as a matter of public and civic duty, and that every citizen could be summoned to appear without right on his part to compensation for doing so. 58 Am.Jur., "Witnesses," Sec. 874, p. 501.

Our Legislative Assembly, however, has provided for the payment of witness fees. Section 31–01–16, North Dakota Century Code, provides that a witness in a civil action is entitled to receive six dollars a day "for each day's attendance before the district court * * *" plus ten cents a mile actually traveled one way.

Because of the difficulty in getting professional men who are experts in their fields to leave their work for so small a fee and because of the injustice of requiring busy professional men to attend a trial and to testify for so inadequate a remuneration, the Legislative Assembly thereafter enacted Section 28–26–06, North Dakota Century Code, which provides, in part, for the allowance of expert-witness fees in an amount not to exceed fifty dollars a day plus such witness's "actual expense." This section further provides that the amount of such "actual expense" to be paid such expert witness is in the discretion of the trial court.

■ Section 32–15–32, North Dakota Century Code, provides that the court may, in its discretion, award reasonable actual or statutory costs, or both, in eminent-domain proceedings. Such reasonable actual or statutory costs would include witness fees, expert as well as ordinary, since fees for both types of witnesses are provided for by law. The various statutory provisions on taxation of costs must be considered together and, if possible, apparently conflicting provisions should be made to harmonize.

In this case, we find that both of these statutes were enacted by the same session of the Legislative Assembly. Section 28–26–06(5), providing for expert-witness fees, was reenacted as a part of Chapter 215 of the 1957 Session Laws, whereas Section 32–15–32, providing for taxation of costs in eminent-domain proceedings, was enacted as Chapter 226 of the 1957 Session Laws. While it is true that Chapter 226 was signed by the Governor after he had signed Chapter 215, which thus would make its provisions controlling if they conflicted with the provisions of Chapter 226, both of these chapters passed by the same session of the Legislature can be given effect. We believe it is not unreasonable to infer that the Assembly had both of these Acts in mind when it passed Chapter 226, now Section 32–15–32 of the North Dakota Century Code, by which the Legislature provided for costs to be taxed to the prevailing party in eminent-domain proceedings. In passing this statute, the Legislature had in mind that it had also enacted Chapter 215, limiting the amount which could be taxed as costs for expert witnesses to fifty dollars a day plus actual expenses.

■ It therefore is our opinion that the language "reasonable actual or statutory costs or both," as used in Section 32–15–32 of the Century Code (Chapter 226 of the Session Laws of 1957), must be interpreted to award costs, including an amount not in excess of the sums which the Legislative Assembly had provided for expert witnesses in Section 28–26–06 (Chapter 215 of the Session Laws of 1957). In other words, if the actual fee charged by an expert witness is less than the maximum fixed by law, of fifty dollars a day plus his actual expenses, the court could, in its discretion, allow the actual fee paid. Where the amount paid is the maximum allowed under the law, the court could, if such is found to be reasonable, allow the same. In such event the fee would, at the same time, be both the actual and the statutory fee. But where the amount paid to such witness is in excess of the statutory limit, the court has no authority to award a sum greater than the maximum fixed by law. We do not agree with counsel's argument that, where the actual fees paid are in excess of the maximum fee provided by the same session of the Legislative Assembly, "reasonable actual or statutory costs or both" would authorize the court to allow the payment of the actual witness fees paid, even though such fees are far in excess of the maximum fixed by statute.

■ In this proceeding, the trial court allowed various sums to be taxed for expert-witness fees, ranging from $125 a day and down. It further appears that such fees were allowed for not only the days of trial but also for time spent by certain of the expert witnesses for preparation of the plaintiff's case for trial. Generally, witness fees may be taxed only for days of attendance at the trial, while testifying, waiting to testify, or waiting to give rebuttal testimony. This seems to have been the intent of the North Dakota Legislature in enacting our statute providing for taxation of witness fees, for it permits witness fees to be taxed "for each day's attendance" before the court. Sec. 31–01–16, N.D.C.C.

The courts generally have held that witness fees may not be taxed for time spent in coming and going or for time spent during which a case is in postponement. 20 C.J.S. Costs §§ 239, 241, 242 at pp. 475 to 477. Therefore, any costs taxed for time spent in preparation or for time when the witness was not in attendance at the trial were improper. The witness fees taxed must be limited to the amount actually paid such witness for attendance at the trial, and such amount is not to exceed the limit fixed by statute of fifty dollars a day plus actual expenses.

In this case, we find expert-witness fees taxed for twenty and one-half days for one witness, although the actual trial did not take more than one-half of that time. We also find that such witness was called by the plaintiff but did not testify. When he was placed on the stand as a witness, his testimony, on objection, was ruled out of order and he was not called thereafter.

■ Whether any witness fees should be taxed for such witness as costs would be within the sound discretion of the trial court. If his testimony was rejected because it was incompetent, no fees for such witness may be taxed. 20 C.J.S. Costs § 234, p. 474. If, however, he was not allowed to testify when called merely because his testimony at that point of the trial was "out of order," as would appear to be the case from the record before us, then the trial court could, in its discretion, allow the fees for such witness for the days he was in attendance at the trial. In determining costs, allowing the plaintiff fees for witnesses called in good faith on a matter which the plaintiff, with some reason, believed to be relevant, material, and important to his case, would not be error even though such witness did not actually testify. Ryan v. Plath, 18 Wash.2d 839, 140 P.2d 968. But fees for witnesses who are not even called may not be taxed because the testimony of such witnesses, had they been called, might have been ruled inadmissible, in which case witness fees for them could not be taxed against the adverse party. Thus, fees for attendance of witnesses who are called to testify may be taxed for the time they are in attendance in court as witnesses, even though they do not testify each day, but such witness fees may not be taxed for a time prior to the attendance of such witnesses at the trial or after their discharge. Fees for attendance for any purpose other than testifying may not be taxed as costs.

Counsel argues that the presence of some of the expert witnesses was necessary at the trial for consultation purposes. We believe that the rule laid down by a Massachusetts Federal court is a reasonable rule. In United Waterworks Co. v. Stone, 1 Cir., 29 F.2d 428, the court held that fees for attendance for purposes of consultation with counsel may not be taxed as witness fees.

■ The trial court may exercise its discretion as to the number of witnesses for which a prevailing party may tax costs. No party should be permitted to call an unlimited number of witnesses and then charge his opponent with the expense. What number of witnesses should be permitted to prove any one fact, however, must be left to the sound discretion of the trial court.

Another question raised by the appellant is whether fees for a witness who appears and testifies voluntarily, without being served with a subpoena, may be taxed as costs. The mere fact that a witness appears voluntarily, without subpoena, would not prevent allowance or taxation of his fees if he is actually called and testifies in the case or otherwise qualifies under the rules laid down herein. The right to have witness fees taxed does not depend on whether the witness was served with a subpoena, and fees for witnesses who attend voluntarily and testify without compulsion are entitled to be taxed as costs.

The appellant next contends that the court erred in awarding costs for the preparation of maps for use at the trial. Whether expenses for preparing maps, plats, etc., are taxable as disbursements in favor of the prevailing party would depend upon the nature of the maps and plats. Section 28–26–06 of the North Dakota Century Code provides that the clerk shall tax as part of the judgment in favor of the prevailing party:

"* * * 2. The necessary expenses of taking depositions and of procuring evidence necessarily used or obtained for use on the trial; * * *."

Thus the question of whether the expenses of preparing such maps are taxable would depend entirely upon whether such maps are "evidence necessarily used or obtained for use on the trial." If they are merely convenient or useful for purposes of argument, the cost of procuring them would not be taxable by the prevailing party. But if such maps are evidence necessarily used to prove some fact in the case, or evidence obtained for use on the trial, the cost would be taxable. Since the maps were not a part of the record in this case, we are unable to determine whether they were, in fact, evidence.

The trial court, in the exercise of its discretion, allowed such expense as a disbursement taxed in favor of the prevailing party. If the maps were evidence necessarily used or obtained for use on the trial, the action of the trial court was proper.

The appellant next contends that the trial court erred in awarding interest on the value of the land from the time of taking as costs taxed in favor of the landowner. As previously pointed out, costs may be recovered only in those cases and for such items as are specifically provided for by statute. Interest from the time of taking cannot be taxed as costs since there is no statutory authority to permit or authorize such taxing. Interest may be taxed as costs only from the time of the verdict to entry of judgment. Section 28–26–13 of the North Dakota Century Code provides:

"When the judgment is for the recovery of money, interest, from the time of the verdict or report of a referee until judgment finally is entered, must be computed by the clerk and added to the costs of the party entitled thereto."

We now will consider the matter of taxing attorney fees by the landowner's attorneys. In general, attorney fees may not be taxed as costs unless they are specifically authorized by statute. Therefore, the parties seeking to tax attorney fees as costs must bring themselves within the provisions of the law. As previously noted, the Legislative Assembly has provided that, in eminent-domain proceedings, the court in its discretion may award reasonable costs "which may include reasonable attorney's fees." The question raised on this appeal is whether the trial court, by its award of fees in this case, has abused the discretion given to it by statute.

It appears from the record that the plaintiff, in the course of this litigation, has employed a number of attorneys, and that the court allowed fees to be taxed as costs for all such attorneys. The attorney fees attempted to be taxed as costs by the plaintiff in this proceeding totaled over $9,000.

The record further discloses, however, that the total contingent fees which the landowner agreed to pay its attorneys, when computed on the amount of recovery in the case, was $4,650. The court thereupon fixed the reasonable attorney fees at that figure. We now are asked by the appellant to determine whether the trial court abused its discretion in allowing attorney fees to be taxed in this amount.

The reasonableness of an attorney's fee to be taxed by the prevailing party must always depend upon facts and circumstances of the particular litigation. Various factors are to be considered in arriving at a reasonable attorney's fee, including the amount and the character of the services rendered, the results obtained, the customary charge for the services rendered, and the ability and skill of the attorney. Further matters may be considered in a suit by an attorney to recover a fee from his own client, such as the financial ability or the prominence of the client, but such matters may not be considered in arriving at a reasonable attorney fee for purposes of taxation of costs in an eminent-domain proceeding.

In this case, the landowner started the proceedings with one firm of attorneys. Before trial, due to some cause not disclosed by the record before us, another firm was employed and the first firm was discharged. It is the prerogative of any litigant to have any number of attorneys represent him. He may also change attorneys as often as he desires. But, where a prevailing party does hire a number of attorneys, and where the statute permits "reasonable attorney's fees," he may tax but one attorney's fee for the litigation. The amount of such reasonable attorney's fee in any given case is to be determined in the sound discretion of the trial court. The attorney's fee so allowed is not awarded to the attorney but to the client.

At the hearing for taxation of costs in this case, the plaintiff introduced in evidence the minimum-fee schedule of the North Dakota State Bar Association to show that the attorney fees taxed were not excessive. While the minimum-fee schedule of the North Dakota Bar Association is not binding on the court, it may be considered with other matters in determining the reasonableness of the fee charged. The trial in this case involved some rather complicated facts and questions of law, and the determination of a reasonable attorney fee in the matter should not be changed on appeal unless a clear abuse of discretion is shown. The jury had been specifically instructed in this case that the trial court would determine the amount of the reasonable attorney fee, so this matter was not taken into consideration in arriving at the amount of the verdict. The jury increased the amount of the award to the plaintiff from $49,800, the amount which had been deposited with the clerk of court, to $81,250, or a gain of $31,450. We cannot, on the record before us, say that, in view of all of the circumstances, the allowance of an attorney's fee of $4,650 is unreasonable, or that the court abused its discretion in awarding an attorney's fee in that sum. The determination of the court on this question therefore is affirmed.

The final matter to be determined on this appeal is the allowance by the trial court of $1,400 as attorney fees for the attorney representing the Homan interests. The record discloses that the Homans had sold the property in question to the United Development Corporation, the plaintiff in this action, prior to the commencement of the eminent-domain proceeding. The sale was on contract for deed, and, while the Homans had retained legal title, their interests were not in any way affected by the condemnation proceeding. It is undisputed that the Homans would receive the same amount on their contract whether or not the amount originally offered by the State was finally determined to be the real value of the property taken, and that even though the plaintiff should be successful in securing an increased amount for its in-

terest in the land, this possibility would not have entitled the Homans to receive any increased sum for their legal title. Regardless of the outcome of the eminent-domain proceeding, the Homan interests would receive exactly the same amount on their contract.

■■■ The matter of taxing attorney fees for an attorney representing a person not a party to the action, by a prevailing party to a lawsuit, is not permitted under our statute. The attorney for the Homan family at no time represented the prevailing party in any capacity in these proceedings. Any attorney fees, nominal or substantial, for the Homans may not be included in costs taxed by the plaintiff as the prevailing party. To be taxable as costs by the plaintiff, United Development Corporation, the prevailing party in this proceeding, services for which attorney fees are claimed must have been rendered for the plaintiff. In other words, a prevailing party may tax only such costs as the statute permits it to tax, and may tax only such items of costs which the prevailing party itself has incurred. The plaintiff was in no way liable for any attorney fees which the attorney for the Homan family might charge for services rendered in this matter.

It therefore was improper for the court, on motion of the plaintiff, United Development Corporation, as the prevailing party, to tax attorney fees for the Homan family on this appeal. This item should be stricken from the costs taxed in favor of the plaintiff, since United Development Corporation is not in any way legally responsible for the payment of fees to the attorney for the Homan Estate.

The decision of the district court is modified to conform to the views expressed herein and, as modified, it is affirmed. No costs are allowed to either party.

BURKE, C. J., and TEIGEN and ERICKSTAD, JJ., concur.

KNUDSON, J., did not participate.

On rehearing.

STRUTZ, Judge.

In response to a petition filed by the respondent landowner, a rehearing was ordered on the sole question of interest. After reargument, it is evident that the respondent does not question the correctness of our holding that interest from the time of taking may not be taxed as part of the costs. It merely questions any possible implication in our opinion that such interest may not be allowable if interest as a part of the damages is determined by the court at the time of hearing on the question of costs.

Our opinion does not, by implication or otherwise, pass on the question of whether interest is allowable from the time of taking to the time of verdict. All that we hold, or intend to hold, is that such interest may not be taxed as part of the costs in favor of the prevailing party to the proceeding.

The court is of the opinion that the question of interest and other questions raised by the petition for rehearing were correctly determined in the original opinion, and it therefore adheres to such opinion.

BURKE, C. J., and TEIGEN and ERICKSTAD, JJ., concur.