UNITED STATES PRINTING CO. v. AMERICAN PLAYING–CARD CO.

(Circuit Court, W. D. Michigan. June 23, 1897.)

PATENTS—COSTS OF REFERENCE.

Each party should, in the first instance, pay his own costs, on a reference in a patent case to ascertain profits and damages, leaving the question of their final disposition to be determined when the decree is entered.

On Motion by Defendant for an Order Directing the Master as to a Question of Costs.

Briesen & Knauth, Paul H. Bate, and Howard, Roos & Howard, for complainant.

Boudeman & Adams, for defendant.

SEVERENS, District Judge. On motion for an order directing the master in respect of the costs of taking testimony upon the reference heretofore ordered in this case. This motion is intended to raise before the court the question as to the obligation of parties to pay costs upon a reference ordered by an interlocutory decree for the purpose of ascertaining profits and damages which the court has adjudged the complainant is entitled to recover in a patent case. For several years past the parties and counsel in such cases have, in this district, quite generally followed a practice supposed to have been held to be the regular and proper one by Judge Wheeler in the case of Urner v. Kayton, 17 Fed. 539. In that case Judge Wheeler decided that the defendant should bear the costs of the reference in the first instance, leaving their ultimate disposition to be fixed when the final decree in the case should be entered, and it has been supposed that this was a precedent for all such cases. But the question whether such a duty rests upon the defendant has never been formally submitted to this court, and no rule of practice has been judicially established here upon this subject. Judge Lowell, in Massachusetts, held in the case of MacDonald v. Shepard, 10 Fed. 919, to the contrary of what has been by some supposed to have been ruled by Judge Wheeler, and that the practice in respect to the payment of costs pending a reference was not different from that which obtains upon references in equity courts in other cases. I think it is more than doubtful whether Judge Wheeler intended, in Urner v. Kayton, to lay down a general rule which should be applicable to all such references. On the contrary, I incline to construe his opinion as reported to be based upon the peculiar phraseology of the decree ordering the reference in that case, which it seems was a direct order on the defendant, requiring him to go forward and render the account; and it would seem that the decision of the court was rested upon the theory that there was an obligation to take an affirmative step by the defendant, and go forward in executing the order to account. Certainly the general practice in cases of reference is for each party to pay his own costs as the proceeding goes forward, and for the court ultimately to adjudge upon whom the payment of such costs ought equitably to be devolved; and I can hardly think Judge Wheeler intended to lay down a rule in opposition to the general one which governs this sub-

ject, without a more full exposition of the grounds and principles which he supposed justified such a departure. I learn that the practice is not at all uniform in the different districts in the circuit. I gather that the practice of requiring the defendant to pay the costs obtains only to a limited extent, and that the other practice is more generally followed. For the purpose of settling this matter for the practice of this court, I have conferred with several of the judges in the circuit, and we all agree that there is no substantial reason why the general practice in this respect upon reference should be departed from, and it is accordingly held that the usual practice should be pursued in this and other such cases; that is to say, that each party should pay the costs, upon the analogy of general equity rule 67, in the first instance, leaving the question of their final disposition to be determined when the decree is entered. The practice of requiring the defendant to pay the costs of the reference as they are incurred often proves an incitement to the taking of protracted, cumulative, and unnecessary testimony, and entailing needless costs. The affidavits read at the hearing of this motion create an impression that this case may be an illustration of the mischievous results of a departure from the general rule, but this is a matter which can best be determined later on. An order for directions to the master may be entered in conformity with the foregoing views.