PANOULIAS v. NATIONAL EQUIPMENT CO. et al.,
with three other cases.

(District Court, S. D. New York. August 13, 1915.)

PATENTS ⨯═325—ACCOUNTING FOR INFRINGEMENT—COSTS.

On an accounting for infringement, as the hearing proceeds, each party should in the first instance pay the costs and expenses made by himself, including fees of the master and stenographer, leaving the question of their final payment to be determined when the decree is entered.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 607-612; Dec. Dig. ⨯═325.]

In Equity. Suit by Panayiotis Panoulias against the National Equipment Company and others, with three other cases. On application by special master for order respecting costs.

See, also, 198 Fed. 493.

AUGUSTUS N. HAND, District Judge. In the above action, and three others, references were ordered to a special master to take and state an account of profits and damages; the jury having already rendered a verdict, upon which an interlocutory decree was entered, that the defendants had infringed plaintiff's patent. The master has applied for an order specifying which party shall pay in the first instance for the proceedings before him, and submitted a charge for hearings already had during the past three years, including, as I understand it, the stenographer, who is an employé of his office, amounting to . $3,000, approximately.

In the case of Brickill v. Mayor, etc., of the City of New York (C. C.) 55 Fed. 565, Judge Lacombe said on a question of master's fees prior to the termination of the hearing:

"* * * Each side should pay in the first instance, for its own adjournments, and for the costs, charges and expenses (including stenographer's fees), and master's fees for taking its own direct, redirect, cross, or recross examination of any witness or witnesses. Upon final decree the sums so paid by the prevailing party may be imposed upon the defeated party."

The same practice was followed by Judge Severens in the case of United States Printing Co. v. American Playing-Card Company (C. C.) 81 Fed. 506, where he held after conference with several of the judges of his circuit, that the usual practice should be pursued:

"* * * That is to say, that each party should pay the costs, upon the analogy of general equity rule 67, in the first instance, leaving the question of their final disposition to be determined when the decree is entered."

The Circuit Court of Appeals of the First Circuit, in the case of Fenno v. Primrose, 119 Fed. 801, 56 C. C. A. 313, held that it was a question of discretion how the expenses should be borne, where a case was referred to an auditor under methods taken from the Massachusetts state statute, and apparently referred to the case of Brickill v. Mayor, etc., of the City of New York (C. C.) 55 Fed. 565, with approval.

In the case of Macdonald v. Shepard (C. C.) 10 Fed. 919, Judge Lowell held, in the United States Circuit Court for the District of Massachusetts, that the practice was to have the costs borne, in the first instance, by the complainant. It is urged, not without a show of reason, that where there has been an adjudication of infringement, and the defendant has been ordered to account, he is presumptively liable for something, is a wrongdoer, has the duty of going forward and satisfying the court as to the question of damages and profits, and should therefore pay the expenses in the first instance.

Judge Wheeler, in the case of Urner v. Kayton (C. C.) 17 Fed. 539, held that, where defendants have been adjudged infringers and decreed to account, they must go forward and bear the necessary expenses of so doing, including the master's fee.

Thus, we have three doctrines: (1) The doctrine of Judge Lacombe and Judge Severens, cited with approval by the Circuit Court of Appeals for the First Circuit, that the expenses are to be borne separately; (2) the doctrine of Judge Lowell that the complainant must pay the expenses; and (3) the doctrine of Judge Wheeler that the defendant in a case where he has been adjudged an infringer must pay the expenses. I can certainly see no reason for Judge Lowell's doctrine, and I doubt if he would have applied it to a case where the defendant was adjudged an infringer. Parties prior to the termination of the litigation are obliged to pay their separate expenses as they arise. This is true of counsel fees, witness fees, and numerous other taxable items; nor do I think it would be desirable to require either party to pay the expenses of the other and be in a position where, by his mode of conduct of his case, he might compel his adversary, not only to pay such expenses as he now has to pay, but also fees of the master and the stenographer, which are often necessarily very substantial, and which might be greatly increased by an unnecessarily prolix conduct of the case by one of the parties.

I do not understand that either party is subject to any such criticism here; but I can readily see that the imposition of the fees of the master and stenographer upon one party, irrespective of the extent of his examination of witnesses, might enable the other to prolong a litigation unnecessarily at his adversary's expense. Nor do I appreciate that it is undesirable for the master to get fees in a long drawn-out reference until the hearings are completed. If, whenever the parties do not agree, the matter is left to the court, I can see no likelihood that a fair-minded master can be affected in his report by an order apportioning the fees. Under the circumstances, I will direct a payment on account to the master for his services and those of his stenographer of $1,500, to be apportioned according to the testimony taken by the respective parties.