CONTINENTAL INSURANCE COMPANY and Another, Plaintiffs, *v.* EQUITABLE TRUST COMPANY OF NEW YORK, Defendant.

Supreme Court, New York County, February 20, 1930.

*M. E. Harby*, for the plaintiffs.

*Murray, Aldrich & Webb* [*Samuel Seabury* of counsel], for the defendant.

SHERMAN, J. Defendant's motion is for judgment on the pleadings, which consist of the third amended complaint, the amended answer and the reply thereto. The action is for moneys paid to defendant by plaintiffs for bonds of the Green Star Company. The sufficiency of the complaint has been upheld (127 Misc. 45; affd., 219 App. Div. 711).

· The action is predicated upon rescission because of misrepresentations claimed to have been made by defendant, and the failure of plaintiffs to restore to defendant the original bonds is excused by the fact pleaded that the bonds were of no value, and that at defendant's request they had been converted into securities of a reorganized corporation. About one year after the institution of this action a second action was brought by plaintiffs against defendant and one Mercadante to recover damages growing out of the retention by plaintiffs of the securities occasioned by alleged false statements which were relied upon and prevented plaintiffs from disposing of the securities to their loss. That complaint was tested by motion made by Mercadante, who was sued jointly with defendant. Its sufficiency was upheld. (*Continental Ins. Co.* v. *Mercadante*, 222 App. Div. 181.) Thereafter Mercadante moved to dismiss the second action because of the pendency of this action, as shown by the answer and reply therein. That motion was denied and the decision affirmed (*Continental Ins. Co.* v. *Mercadante*, 226 App. Div. 653). Since the decision upholding the complaint in this action was rendered defendant has required plaintiff to reply to affirmative defenses contained in the amended answer.

It is contended that this new matter, as admitted in the reply when taken in connection with the allegations of the complaint, requires that the complaint be dismissed. The pleadings in the second action are now before the court. Furthermore, defendant has pleaded the conversion by plaintiff of its bonds into the stock of a reorganized corporation and the acceptance and retention by plaintiff of dividends declared by such corporation. In substance, these allegations are admitted by the reply, which seeks to avoid the affirmative defense. Thus two matters are now brought to the attention of the court which did not appear in the pleadings at the time when the complaint was attacked. The question is, therefore, whether such new matter requires a complaint, good upon its face, to be dismissed without trial. Does the pendency of the second action or the acceptance of dividends under the circumstances set forth in the reply defeat plaintiffs?

Plaintiffs assert that the decision upon the motion in the second action made upon the theory that these two complaints were in conflict adjudicates that there is actually no conflict in fact or theory between the two actions and that each may be prosecuted up to trial. They allege that the dividends were not taken for their own account or with the intent that their receipt should be in ratification of the transaction, or be evidence that they had determined to accept the new stock and dividends in lieu of the purchased bonds, and affirmatively aver that the dividends were when received

actually taken for the account of defendant, and that the dividend moneys were set apart in plaintiffs' books as being the property of defendant and are now being so held, and that defendant was notified. Defendant does not claim that this motion should be granted because of an election of remedies. Its brief expressly disavows that contention. Its position is that the acts of plaintiffs since the institution of this action as disclosed in the pleadings amount to a ratification of the original purchase, and, therefore, the present action to recover the moneys paid upon the theory that the transaction has been rescinded cannot be maintained and the complaint must, therefore, be now dismissed.

Assuming, as the court must, that the allegations of the reply are true, defendant is confronted by the situation that not only has the Appellate Division concluded that these actions are not in such conflict that the mere pendency of one would bar the maintenance of the other, but that the decision so reached was upon a motion made by Mercadante at the behest and with the active participation of defendant trust company; that it was virtually this defendant's motion and that consequently that decision of the Appellate Division laid down the law of the case for all of these parties. Even though the averments of the complaints be not in actual conflict so that one remedy bars the other, nevertheless the question to be considered is whether the present pleadings present such proof of ratification of the original purchase transaction by plaintiffs that as matter of law no result can ultimately be reached in this case save the dismissal of the complaint.

In *Schenck* v. *State Line Telephone Co.* (238 N. Y. 308) plaintiff instituted an action at law for damages due to a fraud upon a sale of property. That action was barred by the Statute of Limitations. He brought a later action seeking in equity a judgment of rescission with a conveyance of the land purchased. The court held that the action merely evinced plaintiff's readiness that the transaction be allowed to stand upon the condition that his demand for damages be heeded and the damage paid. Defendant, not having assented to that condition, was not permitted to draw from it the conclusion that the plaintiff's conduct in maintaining the first suit was actually an affirmation that the purchase stand. Under that decision the position taken by plaintiffs in the second action here should be understood to be that they are entitled to damages for the misrepresentations causing a delay in sale and that if defendant pay such damages plaintiffs are willing to retain the securities. Payment by defendant of the damages is the condition upon which plaintiffs will ratify the transaction.

In *Clark* v. *Kirby* (243 N. Y. 295) plaintiffs, upon discovering

the alleged fraud of defendant, rescinded the purchase and sued to get their money back. Later an action was brought in Missouri upon a theory which, if advanced in New York, would have been in conflict with that presented by the complaint in the New York action. The court, through CRANE, J., stated (p. 302): " If the plaintiffs elected to rescind the purchase and the rescission stood, it might bar the later action for fraud, but the later action could not be considered an election which would bar the former."

It cannot be said here that plaintiffs' rescission of the purchase has " not stood or will not stand." That conclusion if found at all may not be reached until the actual trial of the action. If plaintiffs triumph in this action the rescission will have stood. If not, the attempted rescission will have been futile. If plaintiffs succeed, obviously there can be no recovery in the later action. If unsuccessful here in obtaining the purchase price of the bonds, plaintiffs may still press the later action to trial and upon proper proof recover.

The records of this court show that upon the motion of Mercadante an order was entered restraining the trial of the later action until after the determination of this action, which order was affirmed (226 App. Div. 653), this being the outgrowth of the motion which, according to the reply, was as heretofore stated actually made by Mercadante at the instance of the corporate defendant. While the acceptance of dividends under the circumstances set forth in the answer would ordinarily be a ratification, by conduct, of the transaction which plaintiffs in their complaint claim to have rescinded (*Brennan* v. *National Equitable Investment Co.*, 247 N. Y. 486), nevertheless the reply here shows that plaintiffs received such dividends, not from defendant, but from the reorganized corporation in which they had been persuaded by defendant to become a shareholder in exchange for the bonds which defendant had sold to plaintiffs, that the dividends were taken with the intent to hold them only as custodian for defendant under the circumstances, and that they were placed in a separate account upon the books which evidenced the fact that the checks and the moneys therefrom were really defendant's, and defendant was so notified. The dividends were tendered by plaintiffs to defendant, which refused to receive them.

There was no attempt, as in the *Brennan* case, by the payee to change the very nature of the obligation for which the checks were given. There, though the checks were dividend checks, plaintiff claimed that he received and kept them as a partial distribution of capital and as restitution of the moneys which he asserted had been taken from him. The dividends were paid by the

defendant itself upon its own stock and they were not credited to defendant until the trial. Brennan intended to and did keep them. There, the declaration of rescission was followed by acts which in their nature, as explained at trial, required a finding that plaintiff, after all, had not actually rescinded the purchase.

It may be that upon the trial here defendant will succeed in establishing that plaintiffs by their conduct subsequent to the institution of this action have actually receded from their rescission position and ratified the original purchase. This court may not, however, as matter of law so declare now upon the allegations of the pleadings. Motion denied. Order signed.