THE CONTINENTAL INSURANCE COMPANY and FIDELITY PHENIX FIRE INSURANCE COMPANY, Plaintiffs, v. THE EQUITABLE TRUST COMPANY OF NEW YORK, Defendant.*

Supreme Court, New York County, May 2, 1930.

*Affd., 229 App. Div. 657.

*M. E. Harby*, for the plaintiffs.

*Murray, Aldrich & Webb* [*Samuel Seabury* and *William Dean Embree* of counsel], for the defendant.

BLACK, J. This action is brought by plaintiffs to recover upon rescission because of the alleged misrepresentations claimed to have been made by defendant. The action is the result of the purchase by plaintiffs of certain bonds of the Green Star Steamship Corporation from the defendant. The complaint alleges four causes of action in which plaintiff seeks to recover the sum of $66,776.41. This sum represents the purchase price of said bonds. The sufficiency of the complaint has been upheld. (127 Misc. 45; affd., 219 App. Div. 711.) The failure of plaintiffs to restore to the defendant the original bonds is sought to be excused by the plea that the obligor of the bonds was operating at a loss and went into the hands of a receiver and that the value of the security greatly depreciated and that at defendant's request they had been converted into securities of a reorganized corporation. Some time after the commencement of this action plaintiff instituted a second action against defendant and one Mercadante to recover damages growing out of the retention by plaintiffs of the securities occasioned by alleged false statements which were relied upon and prevented plaintiffs from disposing of the securities to their loss. The sufficiency of the complaint in that action was likewise tested out on appeal. (*Continental Ins. Co. v. Mercadante*, 222 App. Div. 181.) A motion to dismiss this second action was made because of the pendency of this action and said motion denied, which decision was affirmed. (*Continental Ins. Co. v. Mercadante*, 226 App. Div. 653.) There was a further motion in this action by defendant for judgment on the pleadings consisting of the complaint, answer and reply and this motion was denied. (135 Misc. 851, SHERMAN, J.) Moreover, on motion of the defendant in the action of *Continental Ins. Co. v. Mercadante*, the action was stayed until the trial

in this action. On motion by the plaintiffs in this action an order was entered directing the defendant herein, by Robert C. Adams, to appear for examination on a day fixed in said order. (N. Y. L. J. Aug. 1, 1927.) The order also required the defendant to produce books, papers, and in particular certain books of the Green Star Steamship Corporation. It may be noted here that the Green Star Steamship Corporation has been sued in a creditor's action wherein it appears that Robert C. Adams, an officer of the defendant, was about eight years ago appointed receiver by the United States District Court for said steamship corporation. When plaintiffs sought to prove their contentions by a report of Mr. Adams, as receiver of the Green Star Steamship Corporation, he admitted that the report was his, but denied that he knew its contents. Plaintiffs then saw Mr. Whan, an expert accountant, who was plaintiff in the Green Star receivership action. He said that to prove that the report was correct would require three months' steady work Defendant advised plaintiffs that Mr. Whan's relation to defendant "in connection with accounting matters involved in the suit" was confidential. Plaintiffs then applied to the attorney of the Green Star Company, and later applied to the United States District Court for an order directing Mr. Adams to permit the examination of the books. Plaintiffs gave notice of motion to examine, to the receiver's attorneys, who opposed the motion. The Green Star Corporation through its attorneys served notice of appearance, and opposed the application on the ground that the inspection was unreasonable and in violation of the Fourth Amendment to the Federal Constitution. On the examination Adams, the officer of the defendant, refused to produce the books, documents and papers of the Green Star Steamship Corporation because they were not in his possession or control as an officer of the defendant, but were in his control as a receiver. Plaintiffs moved in the United States court in the action in which the receiver was appointed for an order directing the receiver to produce the books and papers of the Green Star Corporation, and this motion was denied by the District Court judge, he giving as a reason that the Green Star Corporation and its receiver, Mr. Adams, objected. On appeal to the Circuit Court of Appeals the order was affirmed, but the court in its decision suggested that if the State court would permit the examination of the receiver as a witness and would request that the books and papers be produced to be used in the examination of such witness, application could then be made to the United States District Court for an order requiring the receiver to produce the same and that such application would then be entertained. In accordance with the suggestion

made by the United States Circuit Court of Appeals, plaintiffs now move for an order to amend or modify the order of examination heretofore entered herein on August 10, 1927, so as to include: " 1. A direction that said Robert C. Adams therein named is required to produce for and/or to permit inspection by the parties hereto of all the books and papers of the Green Star Steamship Corporation in his possession as receiver. of said corporation, permitting examination thereof at the office of said receiver by or through employees of said parties from time to time and to permit them to work thereon and to make copies of any thereof at the office of said receiver or otherwise as may be directed by this court or by order of the United States District Court for the Southern District of New York by order whereof said receiver was appointed.

" 2. That this court request the United States District Court for the Southern District of New York to direct said Robert C. Adams   *   *   *   to permit the books and papers of the Green Star SS. Corp'n   *   *   *   to be immediately and from time to time examined before the trial of this action by the parties to this action   *   *   *   and to permit the employees to work thereon and to make copies   *   *   *   subject to the supervision and control as to said United States District Court may seem proper.

" 3. That this court issue its order for the production of said receiver's books and papers, etc.

" 4. That this court make its order that the convenience of the court and the proper trial of this action require that the work of interpreting said books, papers and records of the Green Star Steamship Corporation be completed before trial, so that they may be interpreted on the trial of this action instead of having said work done during the trial of the action.

" 5. That plaintiffs have such further different or other relief with relation to the examination of said books, papers and records of the Green Star Steamship Corporation in possession of said receiver as to this court may seem just and proper. Plaintiff also asked for general equitable relief."

The memorandum of the action of *Whan* v. *Green Star Steamship Corp.*, handed down by GODDARD, U. S. D. J. (July 30, 1928), is as follows: " After a rather full examination of the authorities I am convinced that such discretion as the court has should not be exercised to the extent of ordering an examination before trial of the books of one who is not a party to the suit, even though the books be in the possession of the receiver of this court, when the true owner of the books, the Green Star Steamship Corporation, the third party, objects."

On appeal from the order entered on said decision the United

States Circuit Court of Appeals for the Second District affirmed the lower court, but also provided as follows: " And it is ordered that the mandate shall provide upon its face that the affirmance is without prejudice to a new application to the district court in aid of any order or subpœna issued by the State court for the production of the receiver's books and papers either upon the trial of the action or for examination before trial." (*Whan* v. *Green Star S. S. Corp.*, 38 F. [2d] 68.)

I am unable to see what standing the Green Star Company has, or what right it has in the pending motion, as it sets out no interest in this proceeding. The books whose examination is sought are the books of the court in possession of its receiver. In *Fuller* v. *United States* (31 F. [2d] 747, 748) it is held that an individual who was treasurer could not object to the use as evidence against him even if it was sought to examine the corporate books to prove a crime. This court must first determine whether or not the examination is permissible, and, if so, what the procedure on the part of the plaintiff will be to require the examination of the witness Adams as receiver and then to request the production of such papers and books as shall be necessary by order of the United States District Court for the Southern District of New York under such terms as that court shall deem proper for the protection and preservation of the records.

At the outset it may be noted from the form of the motion that plaintiffs do not seek the examination of the receiver as a witness before trial under section 288 of the Civil Practice Act, but seek to modify the order of examination heretofore entered by requiring that the same witness, the officer of the defendant, be examined as receiver and that the books and papers required be produced. It is also sought to have an inspection of these books so as to permit plaintiffs to interpret complicated book entries therein and to take copies of the same. Though the plaintiffs seek this relief in the form of a modification of the order of examination, I am satisfied that such relief in that form cannot and should not be granted. While this court has allowed in special cases an inspection and discovery with an order of examination, no facts are presented here which would warrant the relief in the form thus sought. If any relief with reference to the examination of the books and papers of the Green Star Steamship Corporation is to be had, it cannot be allowed in conjunction with the examination of defendant before trial. It is independent of such examination of the defendant before trial. It matters not in my opinion that it is the same person to be examined. The fact remains that the witness as an officer of the defendant and the witness as a receiver of a

corporation not a party are two distinct entities. If, therefore, plaintiffs are entitled to any relief, it is that the receiver may be examined as a witness before trial under the provision of section 288 of the Civil Practice Act, and in that examination plaintiffs be permitted to use the books of the Green Star Steamship Corporation and to make inspection of such books and papers. The plaintiffs urge as the basic facts for the granting of the motion:

(a) Books of the Green Star Steamship Corporation (a corporation organized under the laws of the State of Delaware), which prove acts and transactions of the Green Star Steamship Corporation necessary and material to the plaintiffs' case, are in the possession of the United States District Court for the Southern District of New York, in that they are in the possession of the receiver of the Green Star Steamship Corporation appointed by said court. These books are presumptive evidence of the acts and transactions of the foreign corporation, although none of the parties hereto is a member of the corporation. (Civ. Prac. Act, § 373.)

(b) A jury cannot understand what is shown by said books of the Green Star Steamship Corporation unless the books are first interpreted for the jury by expert accountants.

(c) The work of interpretation to be performed by expert accountants involves three months' labor.

(d) The Federal court is willing to have *its books* examined by the parties to this action if this court desires that examination to be made. The Federal court has ruled that the objection of the Green Star Steamship Corporation to such examination is not sufficient to prevent such examination if this court requires it to be made.

(e) This and every other court of original jurisdiction has the power, although there be no statute which prescribes such power, for its own convenience, in order to prevent waste of time and confusion upon the trial of this action, to require interpretation of involved book accounts prior to, rather than on, the trial of the action; particularly is this true where the controller of the books — in this case the United States District Court — is willing to have them inspected upon the request of this court.

(f) The United States District Court appointed the receiver of the Green Star Steamship Corporation which has possession of these books; in the decision of the United States Circuit Court of Appeals these books are referred to as the receiver's books; the Federal court has said in its opinion that these books may be inspected if this court requires such inspection and that the equitable owner, the Green Star Steamship Corporation, which will get

them back after the termination of the receivership, may not block such inspection by its objections.

(g) This application is not simply to have the plaintiff inspect the Green Star Steamship Corporation books, but it is to permit *both parties to this action* to have their expert accountants work on said books so as to be able to interpret them to the jury upon the trial of this action and to save the time of the court, which without such work would be compelled to sit by while the expert accountants could do their work in the physical presence of the court and jury.

There are two points to be decided in this application: (1) Has the court the statutory power to ask the inspection? (2) Has the court the inherent power outside of the statute? Taking up the second question first, I believe this court, which has already ordered the examination of Mr. Adams as an individual (vice-president of defendant), has the right to order his examination as receiver of the Green Star Company, and if so it has the inherent power to direct the examination of such books in his possession as are necessary to use in connection with his questioning, especially in view of his testimony that he does not know the contents of the report that he, as receiver of the Green Star Company, made to the Shipping Board, and that where books are very voluminous and examination cannot be conveniently made in court, results may be proven by the person making the examination. I believe this court has the inherent power to request the United States District Court to enable the parties to this action to try it in the State court, to have the experts of both parties examine the books in possession of the receiver for the Green Star Company, and has the power to direct the issuance of a subpœna *duces tecum* requiring the immediate production of documentary evidence without notice, because the Federal court has held that if this court, in the exercise of its powers, will make such request it will direct its officer, the Federal receiver, to disclose the books in his possession to the parties in this action.

I specially believe that the court has the right because the application will not be burdensome upon the defendant and will not be binding upon it until there is a ruling of the court upon each piece of evidence offered.

Furthermore, I believe the court has the power to request the production of the books from the receiver of the United States court because it would be a proceeding in furtherance of justice. Indeed, if this court failed to do this after the decision of the Circuit Court of Appeals, I think the action would be productive of injustice. After all, technicalities are only invoked for the purpose of securing

substantial justice in the greatest number of cases and certainly, in the absence of any prohibition in the statute or the common law, the pole star that should guide every court is the securing of justice.

The plaintiffs now ask this court to accept the invitation of the United States District Court and make an order requiring said books to be inspected before trial by any of the parties to this action so that expert accountants may examine said books and be prepared upon the trial of this action to testify to their interpretation there, *and thus save the time of the court and jury; for upon the trial much time would be consumed if the work of interpretation has to be done in court.*

Section 288 of the Civil Practice Act provides as follows: " * * * Any party * * * may cause to be so taken the testimony of any other person, which is material and necessary, where * * * special circumstances render it proper that his deposition should be taken."

Section 296 of the Civil Practice Act provides: " * * * the order may require, in a proper case, the production of books and papers in the custody of the * * * person to be examined, as to the contents of which an * * * inspection is desired, * * *."

I am of opinion that section 288 gives specific statutory authority for the direction I have indicated when it provides that " any party * * * may cause to be so taken the testimony of any other person, which is material and necessary where * * * special circumstances render it proper that his deposition should be taken." (See *Chittenden* v. *San Domingo Imp. Co.,* 132 App. Div. 169; *Mayer* v. *New York Canners, Inc.,* 217 id. 202, which holds that the courts are inclined not to construe the phrase " special circumstances " over-strictly; *McCullough* v. *Auditore,* 216 id. 510, and *Bloede Co.* v. *Devine Co.,* 211 id. 180, which latter case holds that " permission to examine witnesses before trial must rest in the sound discretion of the court, exercised upon the particular facts presented.")

In the *Chittenden* case the court said (at p. 174): " Considering the language used it is quite apparent that the judges of the courts were not to be held down to rigid rules, but power was given to require such a deposition to be taken when, as is expressly said, it appeared that ' testimony of such person is material and necessary for the party making such application, or the prosecution or defense of such action.' "

In the case of *Bloede Co.* v. *Devine Co. (supra)* the court called attention to the fact that the examination of the witness would necessarily shorten the trial and that this was a " special circumstance " justifying the examination (p. 183).

The court said in *Mayer* v. *New York Canners, Inc.* (217 App. Div. 202), that " In a case where the ends of justice and the orderly procedure upon the trial make it advisable that an examination be held [this court] has permitted such examination wherever it could, under any reasonable construction, say that special circumstances existed." (See, also, *Loomis* v. *Marsh*, 215 App. Div. 691, and *Eagle-Picher Lead Co.* v. *Mansfield Paint Co.*, 201 id. 223, 228, as follows: " The Civil Practice Act should be liberally construed by the courts to realize the full force and effect it was intended to have, namely, to simplify the practice and expedite justice.")

In *Zeltner* v. *Fidelity & Deposit Co. of Maryland* (220 App. Div. 21) the court (at p. 27) holds: " The Civil Practice Act * * * extends the right to the production of books and records upon an examination of *any person* or party, corporate or otherwise " (italics my own), and continues (at p. 28) as follows: " In view of the decisions construing the Code provision in which section 296 of the Civil Practice Act has its source, we are of opinion that the purpose and effect of the latter section is to extend to one examining a *witness* or a party, corporate or otherwise, the right enjoyed on the examination of a corporation or certain associations under the Code." (Italics my own.) At pages 25 and 26 the court held that in *Strong & Trowbridge Co.* v. *Defiance Machine Works* (182 App. Div. 869): " That decision clearly recognized the right of a party securing the examination of a corporate adversary under the Code to the introduction in evidence of books and records which were shown to be relevant to the inquiry. *In connection therewith, it also recognized the right of a limited inspection for the purpose of laying a foundation for introducing such evidence.*" (Italics my own.) It held (at p. 27) that the " distinction between the two remedies [namely, examination before trial and inspection of books], however, is still to be observed." In that decision the court was referring to the books of one who was a party to the action. Nevertheless it held, as indicated above, that the books of one *not* a party to the action *may come under the same rule*, namely, inspection and production for use as evidence. It so held because the present Civil Practice Act provides for such relief with respect to the books of one not a party to the action, where *special circumstances* exist justifying the production of books for such purpose.

Of course, the peculiar facts in this case distinguish it from any other case to which the court might be referred where a motion to inspect the books of one not a party to the action was denied. The peculiarity of this case is that the control of the books is in the United States District Court through its servant, its receiver. The United States District Court *does not object to having its books*

*examined and will not permit* the Green Star Steamship Corporation, the equitable owner of the books, to object to an examination if this court requires such an examination.

The Green Star Steamship Corporation, in opposition to this motion, says as follows: " We cannot say now what damages would result to the company or its interests by this general inquisition proposed by plaintiffs' counsel, and we should not be called upon at this time to determine that question at our peril, nor should the company or its officers or directors be held up to suspicion or censure for refusing a demand which has no justification under the rules or practice of this court."

The books of the Green Star Steamship Corporation are *the books of the receiver* of the Green Star Steamship Corporation. They are so referred to in the decision of the United States Circuit Court of Appeals, which is a part of the motion papers. Because said books are the books of the receiver *they are the books of the court* which appointed the receiver just as though they were in the possession of the clerk of the United States District Court instead of the receiver appointed by the United States District Court. As was said in *Kennebec Box Co.* v. *Richards Corp.* ([C. C. A. 2d Cir.] 7 F. [2d] 290, 291): "As the basis for the consideration of this appeal, it is to be remembered that any receiver is but the arm of the court  *  *  *. It must be remembered that the receivers  *  *  * have an additional duty as officers of the court, and that upon them rests the burden of standing impartially between all the parties concerned, with the further obligation, in so far as they possibly can, to protect the rights of all parties." (*Clark Bros. Co.* v. *Pou*, [C. C. A. 4th Cir.] 20 F. [2d] 74, 78.)

If the books here sought to be examined were the books of an individual and it was desired to use them for the purpose of proving that individual guilty of a crime, such *individual* could not be heard to object to inspection thereof for such purpose if they were taken from the possession of the receiver instead of from the individual himself. (*Fuller* v. *United States*, 31 F. [2d] 747, 748.)

In the case of *Fenno* v. *Primrose* (119 Fed. 801) the court said (at p. 801): " The questions presented in this case are of exceeding interest and of great practical importance to the profession and to litigants." At page 803 it held: " Where a case within the jurisdiction of the court is presented, and the parties are entitled under the constitution to a jury trial, *and where the accounts are so numerous and confused that it would be impossible for a jury to comprehend and intelligently decide it* by reason of the complexity and diversity of the issues and items, *unless they are simplified by a preliminary investigation*, and where for that reason it would be impossible for

the court to administer justice between the parties *unless such preliminary investigation and simplification are had* by way of preparing the case for the ultimate tribunal, it cannot be possible that the power of the federal court to do justice hangs solely upon the question whether there is a practice in the state court that the fees or compensation of such preliminary investigation may be taxable as costs. Under such conditions, and in the absence of a federal statute, we have no doubt of the power of the circuit court to direct a preliminary investigation in a proper case, and to designate a suitable person as an officer of the court to call the parties before him, as a tentative tribunal, to simplify the items and the issues in order that the case may be intelligently presented to the jury.

"A rule which would withhold such power from courts charged with the duty of ascertaining and establishing the rights of litigants would operate as a denial of justice in a certain class of cases."

At page 804 it held: " We are thus compelled to consider this case not only in the absence of a federal statute, but independent of a state practice, and of federal decisions based thereon, as well, *and determine the question presented by reference to the inherent and necessary power of courts charged with the administration of justice in cases where a preliminary or tentative investigation becomes a necessity* * * *.

" In cases at law, with numerous confused items and issues, where the ultimate right of trial by jury exists, in order to simplify the issues, such a preliminary trial or investigation may and oftentimes does become a necessary step incident to the preparation of the case for the ultimate tribunal, the jury. *All this is to the end that the case may be intelligently presented to and understood by the ultimate tribunal.* The situation may be such that it is necessary for the plaintiff's side alone, or, on the contrary, for the defendant's side alone, or the situation may be such that it is necessary for both sides. * * *

" *The doctrine which authorizes the appointment of such a preliminary tribunal is one of judicial necessity,* and the exercise of authority in that direction is based upon a finding, under rules of legal discretion, that the case cannot be dealt with intelligently in its then condition, and under the same necessity, and under guidance of the same rules of discretion, the court may ascertain and determine where the burden of such an investigation shall rest." (Italics my own.)

The United States Supreme Court referred with approval to the *Fenno* case in *Matter of Peterson* (253 U. S. 300) and held (at p. 312) that the procedure adopted in the *Fenno* case did not abridge

the right to trial by jury even though an auditor were appointed by the court to report as to what was shown by the books of account. This decision affirmed Judge HAND's decision in *Peterson* v. *Davison* (254 Fed. 625), where an auditor was appointed for the purpose of saving the time of the court and jury.

In *Matter of Tracy* (177 Fed. 532) the Federal court approved the submission by its officer of books to a State grand jury upon the request of the district attorney for the purpose of enabling the grand jury to determine *whether or not* it should find an indictment.

In *Oklahoma Gas & Elec. Co.* v. *Bates Expanded Steel Truss Co.* (34 F. [2d] 547) the court considered *Matter of Peterson* (253 U. S. 300, *supra*) and *Fenno* v. *Primrose* (119 Fed. 801, *supra*) and went much further than this court is asked to go. It held that an auditor be appointed, even without the consent of the parties, to report on the results of voluminous facts and the results of the examination of many books and papers, in order to save the time of the court. It concluded its opinion as follows (p. 549): "All the records and facts bearing upon the alleged several elements of plaintiff's damages, if any, are in the possession of the plaintiff. It needs no assistance * * * to examine books and papers * * * for the benefit of court and jury. Its own auditors and engineers should suffice."

It seems to me, therefore, that this court has the power to request the United States District Court to enable the parties to this action to try this case in the State court, by having both parties' experts examine the books which are in the possession of an officer of the Federal court, to wit, the receiver appointed by that court for the Green Star Steamship Corporation. Any court of general jurisdiction has such power independently of statute, as held in the *Fenno* case. Any court has the power in the course of a trial to direct the issuance of a subpœna *duces tecum* requiring the immediate production of documentary evidence, without notice. If precedent is required, is not the request which this court may make of the Federal court analogous in principle to the issuance of such a subpœna? The Federal court having held that it will direct its officer, the Federal receiver, to disclose the books in his possession to the parties in this action if this court will make such request, this court ought to make that request for its own convenience and the convenience of the jury which will hear the case, as well as for the convenience of the parties to the action.

Plaintiff makes reference in the moving papers to the fact that pursuant to section 323 of the Civil Practice Act, a notice was served upon the defendant herein calling upon it to admit facts concerning the business of the Green Star Steamship Corporation

which were contained in the report of the receiver of the Green Star Steamship Corporation and hence in the books of the Green Star Steamship Corporation.

Although, as stated, the defendant's attorneys are alleged by Mr. Adams to be counsel for the receiver and, therefore, possess knowledge of what is in the books owned by the receiver, or at least in a position to obtain that knowledge, defendant's said attorneys refused to respond to the notice that was served upon them. There we have the same attempt to suppress testimony as referred to by Judge INGRAHAM in *Automobile Club of America* v. *Canavan* (128 App. Div. 426), bringing the case under the *special circumstances* clause of the Civil Practice Act. (Italics my own.)

The rule in England seems to be the same as the rule here. Order XXXVII, rule 7, of the Supreme Court Rules of England provides: " The Court or a judge may in any cause or matter at any stage of the proceedings order the attendance of any person for the purpose of producing any writings or other documents named in the order which the Court or Judge may think fit to be produced: provided that no person shall be compelled to produce, under any such order, any writing or other document which he could not be compelled to produce at the hearing or trial."

*Central News Co.* v. *Eastern Telegraph Co.* (53 L. J. [Q. B. D.] 236) was an application by the defendants for an order that the Electric News Telegraph Company, not a party to the action, produce before trial " tapes " of news transactions and books, showing the receipt of messages from the plaintiff and the times thereof. Applicat on was made under the rules of court, Order XXXVII, rule 7, above quoted. Lord COLERIDGE, Lord Chief Justice, held that the tapes ought not to be produced by a person not a party to the action for the following reasons: (a) Production and inspection of the tapes would not save expense or simplify the proceedings at the trial; (b) the applicants desired the production of private documents which might or might not contain material information; (c) while there ought to be, there was not made out a strong case for the exercise of the power conferred by the above-mentioned rule.

He held, however, and the associate justices held with him, as follows:

(1) The rule under which the application was made enabled witnesses to be examined and documents to be produced in cases where it was essentially in the interest of justice that such an examination or production should take place;

(2) " I do not see any ground for doubting that the Court has power to make such an order; "

(3) "Any application for the exercise of its powers should be granted with the most watchful jealousy;"

(4) "There ought, in my judgment, to be a very strong case made out to justify the exercise of such a power."

WILLIAMS, J., held: "The language of the rule upon which the present question turns is undoubtedly extremely wide, and I am far from saying that the court has not the power to grant the application; there is no limitation or qualification in the rule. * * * Assuming the power to exist, the case is not one where it ought to be exercised. * * * If the case was one in which a defendant had written a letter to the third party, and in which such a defendant had an interest, I can well understand that it might not be improper to order its production. But to make an order on a perfect stranger to produce documents on the mere suggestion that a party to an action may derive some benefit from their production, would, in my judgment, be too oppressive a proceeding to be endured."

In *Elder* v. *Carter* (L. R. [25 Q. B. D. 194]) the syllabus reads as follows: "Rule 7 of Order XXXVII, under which the court has power in any cause or matter 'at any stage of the proceedings' to order the attendance of any person for the purpose of producing any documents which the court may think fit to be produced, and which such person could be compelled to produce at the hearing or trial, was not made for the purpose of giving to litigants any new right to discovery against persons not parties to the proceedings, but in order to remove the difficulties which existed before the order was made in compelling the production of documents by parties at any stage of the proceedings other than the hearing or trial.

"The court has no jurisdiction to order a person not a party to the proceedings to produce a document belonging to him, unless the parties to the proceedings are entitled to the production of such document for the purpose of justice at the moment the order is made; *e. g.*, for the purpose of a pending trial, hearing, or application, or in order to carry out or complete an order which has already been obtained."

It appears from the court's complete decision that where an order has been made for the taking of evidence (*as here*), the books of a third party may be produced in order to enable the evidence to be taken.

I am convinced, therefore, after a review of the authorities, not only in the State courts, but those of the English reports and Federal cases, that to hold that Mr. Adams as a witness could not be examined as receiver would be tantamount to holding that the

order already made permitting him to be examined as an individual or as vice-president of defendant corporation, was erroneous. I do not believe that it was.

It is true that under rule 140 of the Rules of Civil Practice an application for discovery should be brought on by order to show cause instead of by notice of motion as in the instant case. This, however, is not a case where inspection and discovery alone are sought, but such inspection is required in conjunction with the examination, so that in any event the application now before the court is not affected by the rule referred to. I have held that the examination of the defendant's officer cannot be had in my opinion, but the examination of the receiver may be had as a witness, and the motion made is sufficiently broad enough to embrace this relief.

In the circumstances here disclosed I am of the opinion that the motion should be granted to the extent of requiring Mr. Adams, the receiver, to submit to examination as a witness before trial and that at such examination the books and papers of the Green Star Steamship Corporation be produced for the purpose of plaintiffs' discovery and inspection and at such examination plaintiffs may offer in evidence such books as they deem necessary, subject, however, to any and all objections which may be raised on the trial by defendant as to their competency. That plaintiffs shall apply to the United States District Court for the Southern District of New York for such further order requesting the production of such books and papers by its officers, upon such terms and conditions as said court, for the protection and preservation of its records, shall deem proper. Settle order on notice.