THE CONTINENTAL INSURANCE COMPANY and Another, Respondents, *v.* THE EQUITABLE TRUST COMPANY OF NEW YORK, Appellant.*

First Department, June 13, 1930.

*Samuel Seabury* of counsel [*William Dean Embree* with him on the brief; *Murray, Aldrich & Webb*, attorneys], for the appellant.

*M. E. Harby*, for the respondents.

* Affg. 137 Misc. 28.

FINCH, J. From an order which directs a discovery and inspection of the books of the Green Star Steamship Corporation and that Robert C. Adams, as Federal equity receiver, appear for examination as a witness on behalf of the plaintiffs before trial and give testimony with respect to the books in his possession or under his control as receiver, and directing the plaintiffs to apply to the United States District Court in aid of this order for a direction to said receiver that said receiver proceed as required in this order, defendant, The Equitable Trust Company of New York, appeals.

The facts material to this application are not in dispute. The complaint is for money paid to the defendant by the plaintiffs for bonds of the Green Star Steamship Corporation, claiming that the contract of purchase has been disaffirmed for misrepresentation which induced the contract. With a complaint held sufficient (127 Misc. 45; affd., 219 App. Div. 711), the plaintiffs have thus far been denied the privilege of examining these books in the possession of the court, owing to the opposition of this receiver, who is vice-president of the defendant, appellant, and who, at least in theory, should be impartial, as receiver, towards those having *bona fide* claims. (*Kennebec Box Co., Inc., v. Richards Corp.,* 7 Fed. [2d] 290; *Clark Bros. & Co.* v. *Pou,* 20 id. 74.) In *Clark Bros. & Co.* v. *Pou* the court said (p. 78): " It must be remembered that the receivers, while standing in the place of the Co-operative Association, have an additional duty as officers of the court, and that upon them rests the burden of standing impartially between all the parties concerned, with the further obligation, in so far as they possibly can, to protect the rights of all parties."

The plaintiffs obtained an order directing the examination of the defendant, by Adams as vice-president, before trial, which order was affirmed by this court (221 App. Div. 860). This order required the production by the defendant of books and papers of the Green Star Steamship Corporation which were under the control of the defendant. Adams refused to produce these books and papers, claiming that while they were in New York city under his control, they were in his possession as Federal receiver and not as vice-president. The claim was made on behalf of the receiver that the New York Supreme Court had no jurisdiction over the books because they were in possession of a Federal receiver. Plaintiffs then were compelled to petition the United States District Court to compel Adams to produce these books and papers. The petition was opposed by Adams, as receiver. The United States Circuit Court of Appeals held that Adams would be required to produce the books and papers and to be examined before trial in the State court action, if the Supreme Court of the State of New

York desired, and directed that its mandate should provide that the affirmance of the District Court, in denying the application, should be without prejudice to a new application to the District Court in aid of any order or subpœna issued by the State court for the production of the books and papers of the receiver either upon the trial of the action or upon an examination before trial. (See *Whan* v. *Green Star S. S. Corp.*, 38 Fed. [2d] 68.)

The order for discovery and inspection may be sustained upon the ground that the books and papers are in the possession of a court through its receiver and also upon the ground that special circumstances exist herein which render it proper that the examination before trial should be had and the receiver required to produce the books and papers in his custody.

Taking up first the right to discovery and inspection, the objections briefed and urged upon this appeal are not by the third party, but by the defendant to this action, who has an interest in the receivership and is seeking to hamper these plaintiffs, likewise with a claim in the receivership, from an inspection of the books. An analysis of the situation does not show merit in the claim of the defendant. The situation here is that the books are in the same position as if they were in the possession of this court through a receiver who had been duly appointed. While the books in fact are in the possession of the receiver of the United States District Court, that court has indicated its willingness to honor a request of this court. The Green Star Steamship Corporation, therefore, is not asked to produce the books and papers. That company is in receivership. Its individual rights are not at issue and no constitutional rights are invaded. (*Fuller* v. *United States*, 31 Fed. [2d] 747.) CHASE, C. J., there said: " All of these books and papers, however, were in the possession of the Attorney General of New York when they were taken by the government on subpœna. The privilege of the defendant was not broad enough to protect him from the production by others of his private books or papers, when they were found in the possession of a third party; but only prevented the voluntary production of them by himself while he had the custody of them."

In *Kennebec Box Co., Inc.,* v. *Richards Corp.* (7 Fed. [2d] 290) the court said: " As a basis for the consideration of this appeal it is to be remembered that any receiver is but the arm of the court * * *."

The order may also be sustained as an examination before trial under the special circumstances shown. Under the prayer in the notice of motion for further, different and other relief, the plaintiff is entitled, because of the special circumstances present, to have this examination and to require the books and papers to be produced.

Adams, as Federal receiver and as vice-president of the defendant, has reported to the United States Shipping Board in a voluminous report upon the books, and a copy of this report has gone to the attorneys for the defendant, who at one time apparently also were counsel for the receiver. The plaintiffs have offered to withdraw this proceeding if this report might take the place of the books, but not only has the defendant, through counsel, refused to give the plaintiffs the benefit of the contents of this report of the receiver, but, when Adams was examined before trial, it was alleged that Adams did not prepare his own report and did not check it, and hence this evidence was rendered unavailable to prove the facts as they exist.

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., and McAVOY, J., concur; O'MALLEY, J.: I concur in the result. Without adopting the reasoning advanced by the justice at Special Term, I am of opinion that under the particular circumstances of this case the order should be affirmed. MARTIN, J., dissents.

Order affirmed, with ten dollars costs and disbursements. Settle order on notice.