HARRIET J. RALDIRIS, Plaintiff, *v.* E. H. H. SIMMONS, as President of the New York Stock Exchange, Defendant.*

Supreme Court, New York County, November 28, 1930.

*Hulbert & Heermance* [*Murray Hulbert* and *Samuel Untermeyer* of counsel], for the plaintiff.

*Carter, Ledyard & Milburn* [*George Gordon Battle, Henry A. Uterhart, Joseph W. Welsh* and *Rush Taggart* of counsel], for the defendant.

MULLAN, J. Defendant applies for an order directing the examination of a witness and for the production of books and papers. It is conceded that the witness will be present in New York at the time of the trial with the books and papers and available for subpœna. The application is based upon the decision in *Continental Insurance Co.* v. *Equitable Trust Co.* (229 App. Div. 657) in which an order allowing the discovery of books and papers in the possession of a receiver in bankruptcy was affirmed. An examination by counsel of the record in that case shows that no deposition was sought, but merely an examination of the books, etc., to save the time of the court on the trial. It would seem that a deposition

---

* Affd., **231** App. Div. **723.**

of this witness (a trustee in bankruptcy) cannot be offered in evidence (Civ. Prac. Act., § 304). In the cited case there were "circumstances" present (as the word "circumstances" was employed in Civ. Prac. Act, § 288). No such circumstances are present here. This is an action in negligence, the claim being that the defendant omitted to enforce its rules as against a member and, therefore, negligently allowed the member to convert property of the plaintiff. The books cannot aid in an inquiry as to defendant's negligence, if any. All they can do is to establish the fact of conversion. No interpretation is necessary. Booth (the bankrupt) has been convicted of larceny and is confined in jail for the crime. In this Department a general examination before trial in a negligence suit is not allowed. I do not see how any time of the court will be saved by this deposition and discovery. The only thing that will be accomplished is to make it less difficult for the defendant to prepare for trial. Section 304 of the Civil Practice Act should not be violated for such a reason. Accordingly the motion is denied.