THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ENRICO CORAPI, Appellant.—

No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. THE TRUSTEES OF THE FREEHOLDERS AND COMMONALTY OF THE TOWN OF BROOKHAVEN et al., Respondents.—

No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN WOODS, Appellant.—

No opinion. Appeal from order denying defendant's motion to set aside the verdict and for a new trial dismissed. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

HARRISON B. ROGERS, Respondent, v. WILLIAM W. SCHULTZ, Appellant.—

No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

LEWIS H. SAPER, as Trustee in Bankruptcy of Borough Asphalt Company, Bankrupt, Appellant, v. NATIONAL BANK OF FAR ROCKAWAY, Respondent.—

In our opinion the plaintiff, under the present liberal practice, was entitled upon his showing in this record to all the relief which plaintiff requested, including (a) an examination of the defendant before trial on all the items included in his notice of motion and (b) a discovery and inspection of the defendant's books, papers and documents as in the same notice specified. The learned Special Term erred (1) in limiting the examination before trial as to items 1 to 10 inclusive by confining it to the period after July 3, 1936 (U. S. Code, tit. 11, § 29, subd. [e]; cf. *Devoy* v. *Superior*

*Fire Ins. Co.,* 239 App. Div. 28, 31); (2) in denying an examination as to items 12 to 30 inclusive, which items were shown amply in the record to be proper subjects of inquiry; and (3) in denying plaintiff's motion in that phase thereof which contemplated discovery and inspection, with leave to renew upon an order to show cause pursuant to rule 140 of the Rules of Civil Practice. The record shows a situation in which the requested discovery and inspection is proper. Rule 140 of the Rules of Civil Practice has no application where a motion for discovery and inspection accompanies one, as here, for the examination of the defendant before trial. (*Fey* v. *Wisser,* 206 App. Div. 520, 523; *Continental Ins. Co.* v. *Equitable Trust Co.,* 137 Misc. 28, 42; affd., 229 App. Div. 657; *Matter of Reynolds,* 166 Misc. 446.) Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur. Settle order no notice. This relates particularly to inspection.