James S. Brown, J.
Plaintiff moves in this negligence action for an order directing defendant to furnish a copy of its physician’s report and findings of a physical examination made of plaintiff on June 24, 1958.
The papers show that the physical examination was orally consented to, obviating the necessity of a court order, that otherwise would be required under section 306 of the Civil Practice Act. It is evident that counsel up to this point were co-operative, resulting in a minimum of paper work for themselves and the court. However, plaintiff’s request for a copy of the examination was refused.
Defendant opposes the application, contending that the General Municipal Law, as amended, is inapplicable as to it, and that it was not the intent of the Legislature to include defendant Transit Authority under section 50-h, which provides for a uniform procedure for claims against municipalities. *457 Such opposition is untenable. Defendant being a legislative creation is subject to the provisions of the Civil Practice Act which should be liberally construed (Civ. Prac. Act, art. I, § 2), so as to realize the full force and effect of its purpose to simplify the practice and expedite justice (Continental Ins. Co. v. Equitable Trust Co., 137 Misc. 28, affd. 229 App. Div. 657).
The courts daily express the view that greater amity and co-operation between counsel would redound greatly to the enhancement of our time-honored profession and prove of immeasurable aid to the Justices presiding. In an analogous application, where the defendant claimed that as a result of the plaintiff’s attorneys not requiring them to bring on a formal motion for a physical examination, plaintiff lost the right he otherwise would have had, to obtain a copy of the physician’s report, the court held that such a position did not appeal to it, and in its discretion granted the motion, stating “ plaintiff should not be penalized for lightening the motion calendar of the Court by expeditiously granting the examination that could have been obtained by motion.” (Martin v. La Fonte, 53 N. Y. S. 2d, 415, 416.)
The courts in this department sanction the requirement that a copy of the examining physician’s report (following an “ ordered ” physical) be sent to the attorney for plaintiff (Tutone v. New York Cons. R. R. Co., 189 App. Div. 954; Goldenberg v. Zirinsky, 114 App. Div. 827, cited with approval in Del Ra v. Vaughan, 2 A D 2d 156). The general trend of the practice in personal injury cases is to attempt to narrow down the areas of medical dispute, and the aim is, ultimately, with the assistance of the medical profession, to eliminate most of the controversy on the medical side of personal injury cases (Del Ra case, supra).
Motion granted. Settle order on notice.