OPINION OF THE COURT
Lewis R. Friedman, J.
The defendant, Manhattan and Bronx Surface Transit Operating Authority (MABSTOA), has moved to strike this case from the Trial Calendar on the ground that plaintiff has failed *470 to comply with outstanding discovery demands. Codefendant City of New York cross-moves seeking similar relief.
MABSTOA seeks the return by plaintiff of an executed copy of the statutory presuit hearing conducted by MABSTOA. The parties agree that the transcript has never been executed. The parties also agree that, since CPLR 3116 is inapplicable to this statutory hearing, the hearing may not be deemed executed.
This motion presents an interesting legal question not discussed in reported cases: whether a plaintiff must execute a statutory hearing transcript when the hearing has been conducted by MABSTOA pursuant to title 9 of article 5 of the Public Authorities Law.
MABSTOA is a public corporation which exists by virtue of Public Authorities Law § 1203-a. Subdivision (6) of that section provides that Public Authorities Law § 1212 applies to MABSTOA. Section 1212 of the Public Authorities Law sets out requirements for actions brought against the Authority and, MABSTOA, its subsidiary.
Public Authorities Law § 1212 establishes, by its terms, procedures for the service of notices of claim which incorporate General Municipal Law § 50-e. Indeed, "compliance with all the requirements” of section 50-e is required.
However, the procedures for holding presuit hearings under section 1212 are analogous to, but different from, the hearing required by General Municipal Law § 50-h. There is simply no reference in the Public Authorities Law to section 50-h of the General Municipal Law, the statute which governs the examination of claims against municipalities. Section 1212 in subdivision (5) merely provides that the Authority may require a claimant to be sworn; unlike section 50-h it does not direct that a claimant execute a copy of a statutory hearing or, indeed, provide for the hearing’s admissibility at trial.
The Legislature obviously could have required compliance with section 50-h of the General Municipal Law when it specifically mandated compliance with section 50-e of the General Municipal Law; it did not. A plain reading of the two statutes together shows an intentional, significant difference. It makes no sense to believe incorporation of section 50-h was intended absent proof.
In Glassberg v New York City Tr. Auth. (16 Misc 2d 456 [1958]) the court stated that the New York City Transit Authority was subject to General Municipal Law § 50-h. The statement is not explained and, in light of the facts of that *471 case, appears to be dictum. The court has found no other case which discusses the issue. There are many substantial and procedural differences between actions against municipalities and those against the Transit Authority and its subsidiaries. This court will respect that legislative decision. That portion of the motion which seeks to compel the plaintiff to execute the hearing transcript is denied. The court does not deal with questions of admissibility at this time.
The remainder of this motion is determined as follows: EBT’s of all parties are to proceed on June 12, 1990 at 10:00 a.m. in Bronx Supreme Court; the physical examination of the plaintiff is to be held within 45 days of the EBT’s; any outstanding authorizations for relevant medical care are to be provided by plaintiff to defendants within 30 days of service of a copy of this order with notice of its entry.
The motion and cross motion to strike the case from the calendar are denied. Given the backlog of ready cases for trial in this Part and the present good-faith efforts of the plaintiff to conclude discovery the court will permit the case to remain on the Trial Calendar. However, the discovery schedule is to be strictly complied with.